## VIRGINIA LINCOLN FURNITURE CORPO-RATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3483.

Circuit Court of Appeals, Fourth Circuit.

Oct. 3, 1933.

J. P. Buchanan, of Marion, Va., for petitioner.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and Frank M. Thompson, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and GLENN, District Judge.

PARKER, Circuit Judge.

This is the second time that this case has been brought before us on petition to review a decision of the Board of Tax Appeals. Our first decision will be found in 56 F.(2d) 1028, 1029. The question there involved was the right of petitioner in making income tax returns to deduct from accounts outstanding at the end of the taxable year the amount of estimated trade and time discount to which these accounts were subject. We upheld the right of petitioner to the deductions claimed and remanded the case to the Board to the end that an order might be entered in accordance with our holding. The Board entered such order, and we are asked by this petition to review it.

The deductions of discount were claimed by petitioner from the accounts outstanding at the end of the years 1922 and 1923. The facts out of which the controversy arose were stated in our former opinion as follows:

"It appears that in its return for the year 1922, petitioner did not claim any deduction by way of estimated discount on accounts outstanding at the end of the year. In its return for 1923, however, it claimed a deduction of $22,141.00 for accounts outstanding at the end of that year. On January 17, 1927, the Commissioner reviewed its returns for both years, allowed the deduction claimed for 1923 and also allowed a deduction from the 1922 return of $13,219.84 for discounts on the accounts outstanding at the end of that year. The sum of $13,219.84 was at the same time added to the 1923 income, as the allowance of the deduction in the year in which the accounts were created precluded its being allowed in the year in which they were paid. The letter of January 17th however, was followed by one of March 5th in which the Commissioner disallowed the deduction of the $22,141.00 from the 1923 income and the $13,-219.84 from the 1922 income, but allowed the latter amount to remain as a deduction from the 1923 income as shown in the original returns."

We made it clear that no double deduction of discount should be allowed, and pointed out in detail how this should be avoided, saying:

"The contention that through allowing a deduction for anticipated discount the taxpayer will receive a double deduction is without merit. Of course, the taxpayer will not be allowed to deduct discount as an expense of the year in which accounts are paid, if he is allowed to deduct it from the total of the

accounts for the year in which they are created. So, if the amount collected on the accounts in the succeeding year exactly equals the amount of the accounts less the estimated discount deducted, there is no occasion for further deduction. If the discount actually taken is greater than that estimated, the difference is deductible from the income of the succeeding year as a loss or expense; if it is less, the difference must be accounted for as income of that year, as indicated above. In this case, for instance, when the estimated discount of $13,219.84 is deducted from the accounts included in the return for 1922, only the difference between that amount and $14,639.01 should be allowed as a deduction for 1923 on account of the accounts outstanding at the end of the year 1922. And, when $22,141 is allowed as a deduction from the accounts included in the return for the year 1923, the difference between that amount and $22,112.90, or $28.10, should be accounted for as income for the year 1924."

The complaint of the petitioner is that, when the Board in its computation deducted the $13,219.84, estimated discount on accounts outstanding at the end of 1922, from the 1922 income, it added a similar amount to the income of 1923. But there is no ground of complaint in this. When the estimated discount was deducted at the end of the year 1922, petitioner was not entitled to the deduction in the year in which the discount was actually taken by the customer. As it had been charged to profit and loss in the latter year (see record in No. 3159, p. 46), it was proper to return it to the income of that year, while allowing it as a deduction from the year which preceded.

But, while we think that the decision of the Board was undoubtedly correct, our decision cannot go to the merits, as the petition to review the decision was not filed within the time prescribed by statute, and we are, for that reason, without jurisdiction to entertain it. The order of the Board was entered November 15, 1932. Petition for review was not filed until January 23, 1933. As our former decision did not grant a rehearing, but merely remanded the case for further proceedings in accordance with our opinion, and nothing remained for the Board to do but make the necessary calculations and enter the order, the time allowed for filing petition for review was only thirty days. Revenue Act of 1926, c. 27, § 1005 (c), 44 Stat. 111 (26 US CA § 1228 (c). There is some argument as to the meaning of this section; but we think it clear that Congress intended to limit the

time for taking appeal from an order carrying out a mandate of the appellate court to thirty days. After a case has once been heard on petition for review, it is only where a rehearing is granted that six months is allowed for the filing of the second petition.

For the reasons stated, the petition will be dismissed.

Petition dismissed.