## OLDS & WHIPPLE, Inc., v. UNITED STATES.

### No. 43748.

Court of Claims.

April 4, 1938.

Warren W. Grimes, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff here seeks to recover an overpayment of $7,047.30 determined by the Board of Tax Appeals and allowed by the Commissioner for 1928. Upon the facts alleged in the petition it appears that plaintiff and the W. S. Pinney & Co., also a Connecticut corporation, each filed separate tax returns for 1925, and for the years 1926 to 1929, inclusive, plaintiff filed consolidated returns for itself and the other corporation claiming therein that the two corporations were affiliated, and certain losses, which will be hereinafter mentioned, were claimed as deductions.

In the separate returns filed for 1925 plaintiff's return showed a net income of $67,625.03 and the Pinney Company reported a net loss of $238,009.36. For 1926, in the affiliated return, plaintiff used the Pinney Company's $151,772.46 current loss as an offset against plaintiff's income of $119,802, resulting in a claimed consolidated net loss of $31,970.46. No tax was shown to be due upon that return and none was paid. The Commissioner of Internal Revenue denied affiliation for 1926 but held that the stock of the Pinney Company, which was owned by plaintiff and which had cost $210,500, became worthless in 1926. The Commissioner therefore proceeded to offset that loss against plaintiff's separate income of $67,625.03 for 1926, resulting in no tax being due for that year.

In the 1927 consolidated return plaintiff claimed the right to carry over and deduct the consolidated net loss of $31,970.46 shown in the consolidated return for 1926. The Commissioner allowed affiliation for 1927 but disallowed the deduction of the consolidated net loss attempted to be carried over from 1926 on the ground that the corporations were not affiliated for that year and, by a statutory deficiency

notice mailed February 5, 1931, determined and asserted a deficiency against plaintiff of $4,339.60 for 1927.

For 1928 a consolidated return was filed and plaintiff at that time claimed as a loss the cost to it of the stock of the Pinney Company as a deduction for 1928, on the ground that the stock became worthless in that year. The Commissioner disallowed the deduction on the ground that the loss of $210,500 on the stock of the Pinney Company had been sustained in 1926 and he had so ruled. In a statutory deficiency notice mailed February 5, 1931, the Commissioner determined and asserted a deficiency against plaintiff of $18,065 for 1928.

In the consolidated return for 1929 plaintiff claimed as a deduction for that year $100,372.15, representing the unabsorbed loss which it had claimed in the consolidated return for 1928 on the alleged worthlessness in 1928 of the stock of the Pinney Company. By disregarding the carrying over and deduction in 1929 of such claimed loss in 1928 of $100,372.15, plaintiff's income for 1929 was $113,820.29 and the Pinney Company's income was $6,243. The return as filed showed a tax of $1,178.70, and that amount was paid pursuant to the consolidated return as filed in which the unabsorbed portion of the stock loss claimed to have occurred in 1928 was deducted. The Commissioner denied the deduction of the $100,372.15 above mentioned for 1929 for the same reason that he denied a deduction on account of the same loss claimed for 1928, namely, that the loss on the stock of the Pinney Company occurred in 1926. The Commissioner by a statutory deficiency notice mailed November 16, 1931, determined and asserted a deficiency for 1929 of $11,698.28.

Within 60 days after the mailing of the deficiency notice of February 5, 1931, with reference to the years 1927 and 1928, plaintiff filed a petition with the United States Board of Tax Appeals for the redetermination of the deficiencies for those years, and within 60 days after mailing of the deficiency notice of November 16, 1931, it instituted a proceeding before the Board of Tax Appeals for a like purpose with respect to the year 1929. In both of these proceedings plaintiff contended (1) that it and the Pinney Company were affiliated for 1926 and that the Commissioner had erred in holding otherwise, and (2) that

the loss to plaintiff of the cost to it of the stock of the Pinney Company occurred and was sustained in 1928 rather than in 1926, as determined by the Commissioner. In an answer filed to the plaintiff's petitions in the proceedings instituted before the Board of Tax Appeals, the Commissioner denied both contentions made by plaintiff. In that answer no new issues were raised by the Commissioner and no additional deficiencies, additional amounts, or additions to the tax were claimed by the Commissioner at or before the trial of the cases before the Board on May 15, 1933, or before the first decisions of the Board in the two proceedings were entered on December 14, 1933. On the last-mentioned date the Board, having heard the case upon the issues raised, rendered a memorandum opinion sustaining the determinations of the Commissioner as to both issues raised in the petitions and entered its decisions approving the deficiencies determined by the Commissioner in the amounts of $4,339.60 for 1927, $18,065 for 1928, and $11,698.28 for 1929.

Thereafter plaintiff perfected an appeal from the decisions of the Board to the United States Circuit Court of Appeals for the Second Circuit under sections 1001 (a) and 1002 (a) of the Revenue Act of 1926, 44 Stat. 109, 110. No bond to stay assessment and collection of the deficiencies as determined by the Board on December 14, 1933, was made and filed by plaintiff under section 1001 (c), 44 Stat. 109. By reason of no bond for the payment of the deficiencies as determined by the Board having been filed, the Commissioner in accordance with the provisions of section 1001 (c) proceeded to assess such deficiencies on March 9, 1934, and they were paid by plaintiff on April 2, 1934, together with interest of $1,556.25 for 1927, $5,394.51 for 1928, and $2,791.40 for 1929.

Thereafter, on February 4, 1935, the Circuit Court of Appeals for the Second Circuit published its opinion sustaining both contentions made by plaintiff before the Board of Tax Appeals and before the Circuit Court of Appeals, namely, that it was affiliated with the Pinney Company for the year 1926 and that the loss on the stock of the Pinney Company occurred and was sustained in 1928, and that the unabsorbed portion of such loss as a deduction from plaintiff's income for 1928 was a proper deduction from its income

for 1929. The opinion of the Circuit Court of Appeals therefore reversed the decisions of the Board for the three years 1927, 1928, and 1929. The opinion of the court is reported in Olds & Whipple v. Com'r, 2 Cir., 75 F.2d 272–275.

On February 28, 1935, subsequent to the decision of the Circuit Court of Appeals, plaintiff filed a claim for refund for 1928 of $23,582.91 with interest from April 2, 1934, on the ground that under the opinion of the Circuit Court of Appeals an overpayment would result for 1928 by reason of the payment of the deficiency of $18,065 for 1928 on April 2, 1934. In the subsequent proceeding before the Board of Tax Appeals, which will be hereinafter referred to in more detail, the Board carried out the opinion of the Circuit Court of Appeals pursuant to the mandate of that court duly filed with the Board. No petition was made to the Supreme Court for a writ of certiorari to the Circuit Court of Appeals.

The mandate of the Circuit Court of Appeals dated February 20, 1935, to the Board of Tax Appeals was, so far as material here, as follows: "And whereas, in the present term of October, in the year of our Lord one thousand nine hundred and thirty-four, the said cause came on to be heard before the said United States Circuit Court of Appeals for the Second Circuit, on the said transcript of record, and was argued by counsel: On consideration whereof, it is hereby ordered, adjudged, and decreed That the order of said Board of Tax Appeals be and it hereby is reversed. You, therefore, are hereby commanded that such further proceeding be had in said cause, in accordance with the decision of this Court as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

On February 27, 1935, the Board entered an order in both proceedings, No. 53529, relating to the years 1927 and 1928, and No. 60712, relating to the year 1929, as follows:

"Pursuant to mandate of the United States Circuit Court of Appeals for the Second Circuit, filed with the Board in the above-entitled proceedings February 21, 1935, reversing the decisions of the Board, it is

"Ordered, that these proceedings be placed upon the Day Calendar of March 27, 1935, for final decisions in accordance with the views expressed in the opinion of the United States Circuit Court of Appeals for the Second Circuit; the parties to submit on or before March 24, 1935, computations of the petitioner's tax for the years 1927, 1928, and 1929."

Pursuant to the mandate of the court and the order of the Board of February 27, 1935, the Commissioner on April 19, 1935, filed with the Board a recomputation of the tax for the 3 years involved in accordance with the opinion of the Circuit Court of Appeals, and, on April 29, 1935, after service upon it of a copy of the Commissioner's recomputation plaintiff filed an alternative computation. Thereafter the proceedings were taken under submission by the Board upon the recomputations filed and on November 20, 1935, the Board entered a judgment for 1927 and 1928 and a judgment for 1929, which judgments were in accordance with the opinion and the mandate of the Circuit Court of Appeals. The judgment for 1927 was for a deficiency of $12,234.67 in excess of the deficiency of $4,338.60 originally determined by the Commissioner, approved by the Board, and paid by plaintiff April 2, 1934, as hereinbefore mentioned, and for an overpayment for 1928 of $7,047.30, of which $5,394.51 represented an overpayment of interest and the balance an overpayment of tax upon the assessment theretofore made by the Commissioner on March 9, 1934. The judgment of the Board for 1927 and 1928 was as follows:

"Decision Pursuant to Mandate

"On December 14, 1933, decision of the Board was entered in the above entitled proceeding. On February 20, 1935, the Circuit Court of Appeals for the Second Circuit reversed the decision of the Board and remanded the case. On April 19, 1935, pursuant to Order of the Board the respondent filed his proposed recomputation of tax and on April 29, 1935, petitioner filed an alternative computation. On consideration of which proposed recomputations, it is

"Ordered and decided: That there is a deficiency in tax for the year 1927 in the amount of $12,234.67; and an overpayment for the year 1928 in the amount of $7,047.30.

"[Signed] Ernest H. Van Fossan,
"Member.

"Entered Nov. 20, 1935."

On the same date, namely, November 20, 1935, the Board entered a judgment for 1929 which was in all respects the same as the judgment for 1927 and 1928, except that the amount of judgments was a deficiency of $330.01, being the deficiency due under the decision of the Circuit Court of Appeals in excess of the deficiency of $11,698.28 theretofore determined by the Commissioner and approved by the Board, and paid April 2, 1934, pursuant to the assessment of March 9, 1934.

The net result of the opinion of the Circuit Court of Appeals sustaining the contentions made by plaintiff before the Board and the court and reversing the determinations of the Commissioner and the Board of Tax Appeals was that plaintiff owed the government in respect of its tax liability for the years 1927, 1928, and 1929 a net additional tax of $5,517.38 after deducting the excess payment made April 2, 1934, with respect to the year 1928. No appeal was taken by plaintiff under section 1005 (a) (c) of the Revenue Act of 1926, 44 Stat. 110, 111, 26 U.S. C.A. § 640 (a, b) (c) (2), from the final decision of the Board entered November 20, 1935. Thereafter the Commissioner on April 10, 1936, allowed the overpayment of $7,047.30 determined by the Board and also an overpayment of interest of $2,104.44 as he was required to do by section 322 (d) of the Revenue Act of 1928, 26 U.S.C.A. § 322(d) and note, and, at the same time, credited such overpayment of tax and interest for 1928, totaling $9,151.74, with interest thereon of $1,088.55—first, against the additional deficiency of $330.01 (and interest of $119.45 thereon), for 1929 as set forth in the decision of the Board entered November 20, 1935, and the balance of such overpayment and interest of $1,088.55 thereon against the additional tax of $12,234.67 for 1927 set forth in the decision of the Board of November 20, 1935. The additional deficiencies of $12,234.67 for 1927 and $330.01 for 1929 adjudged by the Board to be due in its decisions entered November 20, 1935, as aforesaid, were assessed by the Commissioner on March 27, 1936. After the credits mentioned, there remained a balance due on the 1927 deficiency assessment of March 27, 1936, of approximately $2,443.84 and interest,

for which notice and demand for payment was made, but neither the amount mentioned nor interest thereon has been paid. Upon the attempt by the collector of internal revenue for the District of Connecticut to collect the balance for 1927 pursuant to the assessment by the Commissioner, in accordance with the decision of the Board, plaintiff instituted an injunction proceeding in the United States District Court for Connecticut under section 274 (a) of the Revenue Act of 1926, 44 Stat. 55, in Olds & Whipple v. Smith, Collector, Equity No. 2671,[1] and an injunction was issued against the collection January 28, 1938.

On April 13, 1936, the Commissioner mailed to plaintiff a certificate of overassessment showing the allowance of the overpayment of $7,047.30 and interest thereon of $2,104.44, totaling $9,151.74 for 1928, and showing, also, the credit of the last-mentioned amount against the additional taxes and interest determined by the Board and assessed for 1929 and 1927, as hereinbefore stated. This certificate was received by the plaintiff in due course and a true copy thereof is annexed to the petition herein as Exhibit B, and is made a part hereof by reference.

The defendant demurs to the petition on the ground that the facts alleged are not sufficient to constitute a cause of action upon which the plaintiff is entitled to recover the overpayment for 1928 and that the petition does not allege facts sufficient to constitute a cause of action within the jurisdiction of this court. The suit here is for the recovery of the overpayment of $7,047.30 with interest, determined by the Board for 1928, pursuant to the opinion and mandate of the Circuit Court of Appeals and duly allowed by the Commissioner of Internal Revenue. Plaintiff's petition alleges five separate causes of action, the first four being under R.S. § 3226, as amended 26 U.S.C.A. §§ 1672–1673, and based upon the statute of limitation on assessment and the jurisdiction and powers of the Board of Tax Appeals, and the fifth being under section 145 of the Judicial Code, 28 U.S.C.A. § 250, and based upon an alleged account stated with respect to the overpayment for 1928.

 In support of the first cause of action, plaintiff contends (1) that any deficiency for 1927 or 1929 was barred by

---

the provisions of section 277 (a) and (b) of the Revenue Act of 1926, 44 Stat. 58, and sections 275 (a) and 277 of the Revenue Act of 1928, 26 U.S.C.A. §§ 275 note, 277 and note, when the assessment was made by the Commissioner, March 27, 1936, and that, likewise, the crediting of an allowed overpayment for 1928 against a barred deficiency was prohibited by law; (2) that thereupon, by virtue of the provisions of section 507 of the Revenue Act of 1928, 45 Stat. 871, the Commissioner was required to refund the entire amount of the allowed overpayment of $7,047.30 for 1928, with interest. We think it is clear that the additional deficiencies determined by the Board for 1927 and 1929 in decisions entered November 20, 1935, were timely assessed on March 27, 1936, under section 277 (a) (b) of the Revenue Act of 1926, 44 Stat. 58, as amended by section 504 of the Revenue Act of 1928, 45 Stat. 870, applicable to the year 1927 and under sections 275 and 277 of the Revenue Act of 1928, 26 U.S.C.A. §§ 275 and note, 277 and note, applicable to the year 1929. It is urged by plaintiff (1) that subdivision (b) of section 277 is inapplicable where no bond is filed for the tax when an appeal is taken from the decision of the Board and that under section 1001 (c) of the 1926 Act, 44 Stat. 109, the appeal from the Board's decision does not operate to stay assessment and collection of the deficiencies determined by the Board; (2) that inasmuch as no bond was filed to cover the deficiencies first determined by the Board, the statute of limitation was suspended only during the time the Commissioner was prohibited from making the assessment and for 60 days thereafter; and (3) that, even including any unexpired portion of the statute of limitation at the time it became suspended by mailing of a deficiency notice, such limitation it is urged expired July 20, 1934. This contention is based on the proposition that when the Board first entered its decisions and no bond was filed, the statute of limitation against assessment and collection of any tax for the years involved commenced to run when the restriction on the right of the Commissioner to assess and collect was removed, and that such limitation continued to run thereafter and was not again suspended because the Commissioner had not made claim before the Board for any increased deficiency, or an amount of tax in addition to the deficiencies asserted by him in the original deficiency notices and determined by the Board. This contention cannot be sustained for the reason that section 277 (a) and (b) of the 1926 Act, as amended by section 504 of the Revenue Act of 1928, specifically provides that the running of the statute of limitation provided in subdivision (a) (1) shall be suspended until the decision of the Board becomes final and for 60 days thereafter. Although the taxpayer may pay the tax first determined in a decision entered by the Board and continue to prosecute his appeal, such payment does not start the running of the statute of limitation against the government until the decision of the Board, where an appeal was taken, is entered under the mandate of the court. Such decision becomes final 30 days after it is entered. The decision of the Board with reference to 1927 and 1929 did not become final until 30 days after its entry pursuant to the opinion and mandate of the Circuit Court of Appeals. The fact that the Commissioner was authorized to assess and collect the deficiencies first determined by the Board, when no bond was made by the taxpayer when it appealed to the Circuit Court of Appeals, does not, in view of the plain terms of the section referred to, affect the statute of limitation. Section 1003 (b) of the Revenue Act of 1926, 44 Stat. 110, 26 U.S.C.A. § 641 (c) (1), provides with respect to the review of decisions of the Board of Tax Appeals as follows: "Upon such review, such courts shall have power to affirm or, if the decision of the Board is not in accordance with law, to modify or to reverse the decision of the Board, with or without remanding the case for a rehearing, as justice may require." In these circumstances it is made clear by section 1005 of the Revenue Act of 1926, 26 U.S.C.A. § 640, and section 277(a) and (b), 44 Stat. 58, as amended by section 504 of the Revenue Act of 1928, 45 Stat. 870, and sections 275 and 277 of the Revenue Act of 1928, 26 U.S.C.A. §§ 275 and note, 277 and note, that the decision of the Board becomes final 30 days after it is entered in accordance with the mandate of the Circuit Court of Appeals where no petition for certiorari is filed, unless, within that time, either party institutes proceedings to have the decision of the Board corrected. The statute of limitation on assessment of any tax finally found to be due in accordance with the opinion and mandate of the Circuit Court of Ap-

peals, therefore, remains suspended until the decision of the Board becomes final and for 60 days thereafter, and then commences to run.

 This brings us to the second cause of action alleged in the petition in support of which the plaintiff contends (1) that when, on April 2, 1934, it paid the full amount of the deficiencies set forth by the Commissioner in the statutory 60-day deficiency notices and in accordance with the assessment of the Commissioner on March 9, 1934, the suspension of the period of limitation applicable to 1927 and 1929 ceased; (2) that since no claim was made by the Commissioner. for additional deficiencies or additional amounts for those years prior to the first hearing before the Board on May 15, 1933, and no additional deficiency letter having been sent by the Commissioner within the unused limitation period running from the assessment made March 9, 1934, or from the date of payment of that assessment April 2, 1934, the determination by the Board or assessment by the Commissioner of any further tax on March 27, 1936, over and above the amounts claimed in the original deficiency notices, was barred. Upon this contention it is insisted that the attempted credit of the allowed overpayment for 1928 against the additional deficiencies determined by the Board for 1927 and 1929 on November 20, 1935, was illegal and void.

For the reasons hereinbefore set forth with reference to the first alleged cause of action, the contention in support of the second cause of action must be denied. The suspension of the statute of limitation did not cease either when the Commissioner made the assessment on March 9 or when plaintiff paid the taxes so assessed on April 2, 1934. It was not necessary for the purpose of the statute of limitation on assessment of the correct tax finally determined to be due for the Commissioner to make claim before the Board or the Circuit Court of Appeals for additional amounts in order to continue the suspension of the statute of limitation.

In support of the third alleged cause of action, plaintiff contends (1) that inasmuch as it paid on April 2, 1934, the entire amounts determined and asserted by the Commissioner in his deficiency notices of February 5, 1931, and November 16, 1931, with legal interest and no additional deficiency letters having subsequently been issued as to 1927 and 1929 and no claim for additional deficiencies having been made by the Commissioner under sections 274 (e) of the Revenue Act of 1926, 44 Stat. 55, and 272 (e) of the Revenue Act of 1928, 26 U.S.C.A. § 272(e) and note, prior to the final hearing by the Board, the Board of Tax Appeals was without authority on November 20, 1935, to find any deficiency for 1927 or 1929 in excess of the amount originally determined and asserted by the Commissioner in the deficiency notices as originally issued and as satisfied by payment on April 2, 1934; (2) that any such increased deficiencies found by the Board are null and void and as though never made; and (3) that the attempted credit of the allowed overpayment for 1928 against any such additional deficiencies for 1927 and 1929 was illegal and void.

 This contention raises the question, first, whether a decision of the Board of Tax Appeals which has become final under the statute can be questioned in this or in any court. We think it is clear from the provisions of the Revenue Acts of 1926 and 1928 that such decisions cannot be questioned and certainly not by an original suit to recover an amount collected either directly or by a lawful credit pursuant to a decision which has become final. When the Commissioner determines and notifies a taxpayer of a deficiency, the taxpayer has the election of instituting a proceeding before the Board of Tax Appeals and prosecuting the case through the appropriate Circuit Court of Appeals to the Supreme Court if a writ of certiorari is granted, or of paying the tax and suing to recover it in whole or in part. If he elects to go to the Board of Tax Appeals, that is the sole remedy. This has been decided too often to require citation of authority, but see Bankers' Reserve Life Co. v. United States, 42 F.2d 313, 70 Ct.Cl. 379; Warner Co. v. United States, 15 F. Supp. 160, 83 Ct.Cl. 495; Virginia-Lincoln Furniture Corp. v. Commissioner, 4 Cir., 67 F.2d 8, 9. If a decision of the Board of Tax Appeals is appealed and reversed and under the mandate of the appellate court the Board is directed to take such further proceeding as may be necessary to carry out the decision of the appellate court, it seems clear under the provision of the statute defining the jurisdiction, powers, and authority of the Board of Tax Appeals and the appellate courts upon re-

view that the only means available to contest the correctness of a final decision of the Board entered pursuant to the opinion and mandate of the appellate court or the authority of the Board to make such decision is by an appropriate proceeding in the Circuit Court of Appeals. See section 1005 (c), Revenue Act of 1926, 26 U.S.C.A. § 640 (c) (2). We have been unable to find any statute and we think there is none that grants to a taxpayer who has taken his case to the Board of Tax Appeals, after the enactment of the Revenue Act of 1926, the right by an original suit for refund to question the correctness or legality of a judgment of the Board which has become final.

The second part of the contention made in support of the third alleged cause of action is that after an original hearing or a rehearing before the Board, preceding an appeal, and after a hearing before the Circuit Court of Appeals, the Board cannot enter a judgment for a deficiency in excess of the deficiency originally determined by the Commissioner in his deficiency notice mailed to the taxpayer under section 274 of the Revenue Act of 1926, 44 Stat. 55, or 272 of the Revenue Act of 1928, 26 U.S.C.A. § 272 and note, unless a specific claim for such increased deficiency is made by the Commissioner before the final hearing by the Board. It is therefore urged that, if such claim for such increased deficiency is not made by the Commissioner, a decision by the Board to the extent that it includes a deficiency in excess of that originally determined by the Commissioner is null and void, of no effect, and that the taxpayer in such case is in the same position with respect to the right to institute an original suit for refund as if the Commissioner had collected "any amount * * * in excess of an amount computed in accordance with the decision of the Board which has become final" under section 284 (a), (d) (2) of the Revenue Act of 1926, 44 Stat. 66, 67.

■ There are several reasons why these contentions cannot be sustained, one of which has already been stated, namely, that in such a case the taxpayer's only remedy is by an appropriate proceeding in the Circuit Court of Appeals. Second, the requirements of sections 274 (e) and 272 (e) of the Revenue Acts of 1926 and 1928, respectively, were designed and intended (1) to prevent the Board of Tax Appeals from increasing deficiencies determined by

the Commissioner by reason of a decision on questions not raised by the taxpayer in the proceedings instituted before the Board and with respect to which the taxpayer had not been given an opportunity to be heard before the Board, and (2) to require the Commissioner if he should conclude that, because of matters other than those put in issue by the taxpayer, the deficiencies theretofore determined by him for the year or years involved should be increased, he should make claim therefor before the Board at the original hearing or at a rehearing.

■ Where a taxpayer before the Board raises certain specific issues with reference to the year or years involved and a decision of those issues in favor of the taxpayer produces a larger deficiency for such year or years than that set forth in the deficiency notices of the Commissioner, no specific claim by the Commissioner is, in our opinion, required by the statutes in order to give the Board authority to enter a decision for the correct deficiency. Section 272 (e), supra was enacted for the protection of the taxpayer against any action by the Commissioner or the Board which would increase his tax over that first determined by the Commissioner because of any matters not put in issue by the taxpayer without affording such taxpayer an opportunity to be heard, and to place the burden of proof upon the Commissioner if he should raise new issues involving an increased deficiency. When a decision in favor of the taxpayer by the Board or the Court of Appeals of the issues raised by the taxpayer produces a greater tax for the year or years involved in the proceeding than that originally determined by the Commissioner, the taxpayer has, itself, conferred upon the Board jurisdiction and authority, so far as section 272 (e) is concerned, to enter a decision or decisions for the correct deficiencies. In such a case we think the section is not applicable. But, if it is, its design and purpose have been fulfilled. A taxpayer ought to know what the effect of a decision in his favor on the issues raised will be when he takes a case to the Board of Tax Appeals. If he succeeds in having his contentions allowed he cannot complain if the allowance of such contentions produces a greater tax than that originally determined by the Commissioner. In such a case the provisions of section 274 (e) and section

272 (e) of the Revenue Acts of 1926 and 1928 do not enter into the matter for they do not require the Commissioner to anticipate what the effect of a decision by the Board or a Circuit Court of Appeals will be if the questions raised are decided in the taxpayer's favor.

 A third reason for denying this contention is that when a case decided by the Board is appealed to and reversed by the Circuit Court of Appeals such court is not limited by the provisions of sections 274 (e) and 272 (e) of the Revenue Acts of 1926 and 1928 in the decision of the issues raised on appeal by the taxpayer. Section 1003 (b), 26 U.S.C.A. § 641 (c) (1), provides that "Upon such review, such courts shall have power to affirm or, if the decision of the Board is not in accordance with law, to modify or to reverse the decision of the Board, with or without remanding the case for a rehearing, as justice may require." If justice requires that issues raised by the taxpayer on appeal be decided in his favor and if such a decision results, as it did in this case, in deficiencies in excess of those originally determined by the Board, the taxpayer is in no position to complain. The provisions of the statute with reference to the determination of increased deficiencies were obviously intended to protect the taxpayer against the assertion of the increased deficiencies by the Commissioner in excess of those determined by him in the statutory deficiency notice and against a determination by the Board of increased deficiencies by reason of a decision on matters of which the taxpayer has not been advised and not raised by either party before the Board. It would be a strained construction of the section to hold that it was intended to protect the taxpayer against his own deliberate acts or the natural and necessary consequences of a correct decision of the issues raised by him.

 The fourth and final reason which requires a decision against plaintiff on its contention made in support of the third alleged cause of action is that if it be assumed that the Board upon the opinion and mandate of the Circuit Court of Appeals did not have authority or jurisdiction to enter the decision of November 20, 1935, for the increased deficiencies for 1927 and 1929, unless claim therefor was made by the Commissioner at or before the final hearing, a proper claim by the Commissioner for the increased deficiencies of $12,234.67 for 1927 and $330.-01 for 1929 was made by the Commissioner in sufficient compliance with the provisions of sections 274 (e) and 272 (e) of the Revenue Acts of 1926 and 1928, respectively. When the original determinations of the Commissioner and the first decisions of the Board with respect to the years involved were reversed by the Circuit Court of Appeals, the cases were remanded for further proceedings in accordance with the opinion of the Circuit Court of Appeals. In due course the Board, by an order duly entered, restored the proceedings to its docket and placed them upon its day calendar for final decision in accordance with opinion and mandate of the Circuit Court of Appeals for the Second Circuit. In its order of February 27 the Board directed the parties to submit computations of the plaintiff's tax liability for the years 1927, 1928, and 1929. Thereafter, pursuant to the order of the Board, the Commissioner on April 19, 1935, filed a recomputation of the tax for the years involved and on April 29, 1935, plaintiff filed an alternative computation. The proceedings were thereafter taken under submission by the Board for final decision. Although the petition in this case does not so allege, we must assume that the recomputation prepared and filed with the Board by the Commissioner carried out the opinion of the Circuit Court of Appeals upon the issues raised by the taxpayer, and that such recomputation otherwise complied with the mandate of the court. The correctness of the Commissioner's recomputation or the decisions of the Board is not questioned in the petition in this case. The filing of the recomputation pursuant to the order of the Board of February 27, 1935, and the submission of the cases thereon to the Board for final decision was a rehearing within the meaning of sections 274 (e) and 272 (e) of the Revenue Acts of 1926 and 1928. The Commissioner was therefore enabled at such time to make claim for the first time for increased deficiencies, and if his recomputation carried out the opinion and mandate of the Circuit Court of Appeals, which we assume it did, and which is not denied by the petition in this case, he made a valid and legal claim for the increased deficiencies within the meaning of the sections in question. The judgments of the Board were therefore in all respects legal and

proper. See Ralph W. Crews et al. v. Commissioner, 37 B.T.A. 387.

In support of the fourth alleged cause of action, plaintiff contends that under the provisions of section 277 (b) of the Revenue Act of 1926, 44 Stat. 58, and section 277 of the Revenue Act of 1928, 26 U.S.C.A. § 277 and note, the unexpired portion of the statute of limitation remaining at the time the deficiency notices were mailed may not be carried over and added to the 60 days after the decision of the Board becomes final for the purpose of assessing the deficiencies determined by the Board. Upon this construction it is insisted that the assessment of the additional deficiencies for 1927 and 1929 at a date beyond 60 days after the decisions of the Board became final was illegal and void and that the attempted credit of the overpayment for 1928 against such assessment was illegal and void. To sustain this contention would require the conclusion that the statute of limitation was only made ineffective after the mailing of the deficiency notice and if the 3 or 2-year period of limitation specified in the acts expired before the decision of the Board became final under the statute, the Commissioner had only 60 days after the decision became final within which to assess the tax determined by the Board to be due. It seems clear to us that this contention is contrary to the express language of section 277 (b) of the Revenue Act of 1926, as amended, and section 277 of the Revenue Act of 1928, and to the intent of Congress. The sections mentioned are identical. They provide that the stated basic period of limitation upon assessment shall be suspended for a definite and specified period easily calculable—namely, for the period between the date of the mailing of the deficiency notice until the date when the Commissioner may assess the tax, and, in any event, if a proceeding is placed on the docket of the Board, until the decision of the Board becomes final and for 60 days thereafter. "Suspended" was here used in its common and general usage, meaning held in abeyance, temporarily inoperative, arrested, interrupted, stopped for a time. And we think it is clear that Congress intended by the language used that the limitation period specified in the statutes should simply be held in abeyance and should not run during the specified period and that at the end of such period the statute should again

commence to run. The 60 days after the decision of the Board becomes final is simply a part of the suspended period and the Commissioner is entitled, in making the assessment of a deficiency determined by the Board, to use the 60-day period together with any unexpired portion of the statute of limitation remaining at the time it became suspended by the mailing of the deficiency notice. We think the language of the statute is not reasonably susceptible to any other construction. It plainly states that the running of the statute of limitation shall be suspended and this can only mean that when the period of suspension ceases the limitation period again commences to run. There is nothing to indicate that Congress intended in any case to shorten the period of limitation. On the contrary it expressly lengthened the period under the circumstances mentioned. The case of Hoosac Mills Corporation et al. v. Commissioner, 1 Cir., 75 F.2d 462, 464, relied upon by plaintiff, does not support the contention that the unexpired portion of the limitation period fixed by the statute, or as extended by waiver, is not carried over or made applicable to the matter of assessment after the decision of the Board becomes final. The majority of the court in that case simply held that the 60 days additional after the decision of the Board became final might not be added to the unexpired portion of the statutory period of limitation. We cannot agree with the holding of the court that the unexpired portion of the period of limitation remaining at the time it became suspended became operative again at the date when the decision of the Board became final under the statute, i. e., 30 days after it was entered. The period of 60 days after the decision of the Board becomes final is as much a part of the period during which the running of the statute of limitation is suspended as the period between the date of the mailing of the deficiency notice and the date on which the decision of the Board becomes final. Continental Oil Co. v. United States, 14 F.Supp. 533, 83 Ct.Cl. 344, 358. Upon our interpretation of sections 277 (b) of the Revenue Act of 1926, as amended, and section 277 of the Revenue Act of 1928, the statute of limitation as extended by the suspended period did not expire as to either of the years 1927 or 1929 prior to March 28, 1936. The decision of the Board as to both years became final December 21, 1935. The suspended period, i. e., from February 5,

1931, the date of the mailing of the deficiency notice for 1927, to December 21, 1935, inclusive, plus 60 days, expired February 19, 1936. The portion of the limitation period remaining when the suspension became effective on February 5, 1931, was, as to 1927, 37 days. The additional deficiency determined by the Board was assessed March 27, 1936. This assessment was therefore timely.

With respect to the year 1929, the deficiency notice was mailed November 16, 1931, and the decision of the Board became final December 21, 1935. The deficiency was assessed in accordance with the decision of the Board, March 27, 1936. The period of limitation of 2 years prescribed in section 275 of the Revenue Act of 1928 would have expired on March 14, 1932, except for the suspension thereof on November 16, 1931, to and until December 31, 1935, and for 60 days thereafter. One hundred and twenty days of the original period still remained upon the expiration of the 60 days mentioned. The assessment of the deficiency for 1929 on March 27, 1936, was therefore well within the time allowed by the statute.

The fifth and last alleged cause of action is based upon a claimed account stated as evidence by the certificate of overassessment for 1928 mailed to plaintiff on April 13, 1936, and received by it in due course. The account stated cause of action is based on the assumption (1) that the statute of limitation had barred the determination, assessment, and the collection of any further deficiencies for 1927 and 1929 by reason of the payment on April 2, 1934, of the deficiencies first determined by the Commissioner and the Board; (2) that the deficiencies finally determined by the Board were barred by the statute of limitation because the Commissioner did not make claim therefor before the Board prior to the expiration of the statute of limitation suspended for the period between the date of the mailing of the deficiency notice and March 9, 1934, or April 2, 1934; (3) that the deficiencies were illegal and void because the Board was without jurisdiction or authority to enter judgments therefor, and (4) that they were barred because no portion of the unexpired statute of limitation may, under the statute, be carried over and applied to the period of 60 days after the decision of the Board became final. We have decided all these questions against the plaintiff. The overpayment for 1928 determined by the Board of Tax Appeals and allowed by the Commissioner under a timely claim for refund was credited by the Commissioner against the final deficiencies determined by the Board for 1929 and the balance of such overpayment, plus an overpayment of interest and interest on the overpayment of tax and interest, was credited in partial satisfaction of the final deficiency of $12,234.67 determined by the Board for 1927. This left a balance of approximately $2,443.84 of the final deficiency in tax determined for 1927 still due from plaintiff. This balance has not as yet been paid and collection by the defendant has been prohibited by an injunction issued by the United States District Court of the state of Connecticut January 28, 1938, in an equity suit instituted in that court by the plaintiff against the collector of internal revenue. We think the unpaid balance of the deficiency determined for 1927 with interest is legally due and collectible for the several reasons hereinbefore stated and it is clear that there was no account stated in the certificate of overassessment attached to the petition as Exhibit B. No balance in favor of plaintiff was stated and there was no implied promise to pay the overpayment of $7,047.30 for 1928 determined by the Board other than through and by means of a lawful credit against any other taxes then due from the taxpayer. If there were other taxes due and owing by the taxpayer for 1927 and 1929, as we have held there were, the credit to such taxes of the overpayment for 1928 here sought to be recovered was mandatory and was accordingly made by the Commissioner. The opinions of this court in Ohio Steel Foundry Co. v. United States, 38 F.2d 144, 69 Ct.Cl. 158; Goodenough v. United States, 19 F.Supp. 254, 259, 85 Ct.Cl. 258; Shipley Construction & Supply Co. v. United States, 7 F.Supp. 492, 79 Ct.Cl. 736; Wood v. United States, 17 F.Supp. 521, 84 Ct.Cl. 367; Clifton Mfg. Co. v. United States, 19 F.Supp. 723, 85 Ct.Cl. 525, are relied upon by plaintiff in support of its right to recover the overpayment for 1928 on an account stated. Those decisions might be applicable here if there had been no taxes due for other years against which the Commissioner was required to credit the overpayment for 1928 or if the deficiencies determined by the Board for such other years had been barred by the statute of limitation at the time they were assessed or their collection barred at the time the credit was made.

United States v. Swift & Co., 282 U.S. 468, 51 S.Ct. 202, 75 L.Ed. 464; McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. ——; Garbutt Oil Co. v. United States, 9 Cir., 89 F.2d 749. However, as we have held herein the taxes for 1927 and 1929 against which the 1928 overpayment was credited by the Commissioner were correct in amounts, were legally and properly determined by the Board pursuant to the statute and in accordance with the opinion and mandate of the Circuit Court of Appeals for the Second Circuit from which final decisions by the Board no further appeal was taken, and were timely assessed. They were therefore legally due and owing by plaintiff at the time the Commissioner made the credit. The demurrer is therefore sustained, and the petition is dismissed. It is so ordered.