COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

MELDRUM & FEWSMITH, Inc.,
Respondent.

No. 12389.

United States Court of Appeals
Sixth Circuit.

Feb. 10, 1956.

Miller, Circuit Judge, dissented.

Stanley P. Wagman, Washington, D.
C. (H. Brian Holland, Ellis N. Slack, Lee
A. Jackson, Washington, D. C., on the
brief), for petitioner.

H. Melvin Robert (of Howell, Roberts
& Stapleton), Cleveland, Ohio, for re-
spondent.

Before MARTIN, McALLISTER and
MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

The Commissioner determined various
deficiencies in respondent's taxes cover-
ing the years 1943 to 1948. One of the
deficiencies which was so determined by
the Commissioner was in the amount of
$713.75 in respondent's income tax for
the year ending March 31, 1944. Re-
spondent thereafter filed its petition in
the Tax Court for redetermination of
the claimed deficiencies other than the
deficiency in income tax in the above
mentioned amount of $713.75. In its pe-
tition for redetermination, respondent
made no claim with respect to this par-
ticular deficiency. No evidence being of-
fered and no issue having been raised
with respect to such deficiency, the Tax
Court made no determination on this
item; but on all the other deficiencies
claimed by the Commissioner for excess
profits taxes, the Tax Court held that
there were no deficiencies, such holding
being contrary to the prior determination
of the Commissioner.

More than thirty days elapsed after
the filing of the opinion of the Tax Court
without any further action being taken

by either of the parties.[1] Subsequently, however, the Commissioner filed a motion in the Tax Court for leave to amend his answer by amending his prayer so as to make a claim for an increase in the deficiency of the income tax of 1944, which, as heretofore said, he had determined in the amount of $713.75. This claim was advanced by the Commissioner on the ground that the elimination by the Tax Court of the other claimed deficiencies which were based on excess profits taxes would have the result of increasing the income tax deficiency above the amount at which he had theretofore determined it.

The motion of the Commissioner to amend his answer for the purpose of making such claim was denied by the Tax Court. Thereafter, the Commissioner filed several successive motions to amend his answer, all of which were likewise denied by the Tax Court.

Subsequent to the filing of the opinion of the Tax Court, computations were made by the parties in accordance with Rule 50 of the Tax Court.[2] The Tax Court overruled the Commissioner's computation and adopted that of the taxpayer.

■ The contention that the court should overrule the computation which was confirmed by the Tax Court under Rule 50 of that court is without merit inasmuch as matters of computation are primarily for the Tax Court and must first be passed upon by it. In fact, that is implicitly acknowledged by the Commissioner in his repeated attempts to amend his pleadings to present new issues subsequent to the filing of the opinion of the Tax Court.

■ As to the Commissioner's contention that respondent's income tax deficiency for the year ending March 31, 1944, in the amount of $713.75, should be increased, we agree with respondent that this raised a question that had not been before the Tax Court at the time it rendered its opinion upon the merits. It had not considered the matter of increase in such income tax deficiency inasmuch as there had been no issue before it on that item. The taxpayer had admitted such deficiency and there was no claim made at the time of the hearing by the Com-

1. Rule 19 of the Tax Court, 26 U.S.C.A. § 7453, insofar as here pertinent, provides:
"No motion for rehearing, further hearing, or reconsideration may, except by special leave, be filed more than 30 days after the opinion has been served; and no motion to vacate or revise a decision may, except by special leave, be filed more than 30 days after the decision has been entered. * * * "

2. Rule 50 of the Tax Court, insofar as here pertinent, provides:
"Where the Court has promulgated or entered its opinion determining the issues in a proceeding, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency or overpayment to be entered as the decision. * * * If, * * * the parties are not in agreement as to the amount of the deficiency or overpayment to be entered as the decision, in accordance with the report of the Court, either of them may file with the Court a computation of the deficiency or overpayment believed by him to be in accordance with the report of the Court. The clerk will serve a copy thereof upon the opposite party, will place the matter upon a motion calendar for argument in due course, and will serve notice of the argument upon both parties. * * * If in accordance with this Rule computations are submitted by the parties which differ as to the amount to be entered as the decision of the Court, the parties will be afforded an opportunity to be heard in argument thereon on the date fixed, the Court will determine the correct deficiency or overpayment and enter its decision.
"Any argument under this Rule will be confined strictly to the consideration of the correct computation of the deficiency or overpayment resulting from the report already made, and no argument will be heard upon or consideration given to the issues or matters already disposed of by such report or of any new issues. This Rule is not to be regarded as affording an opportunity for rehearing or reconsideration."

missioner that it should be increased. True, the Commissioner now claims that the elimination by the Tax Court of the other claimed deficiencies for certain excess profits taxes would have the result of increasing the above mentioned income tax deficiency. But this presented a new issue that had not been presented to the Tax Court, argued before it, pleaded by the Commissioner, or passed upon by the court. In order to raise such an issue, the Commissioner had the right to file, within the thirty-day period granted by Rule 19 of the Tax Court, his application for reconsideration and for leave to amend his answer making claim for such increased deficiency; and respondent would then have had a chance to present its evidence and arguments upon the new issue. The Commissioner implicitly agrees that this is the method that he should have pursued but, as heretofore said, his motions were not timely filed under the court rules, and the Tax Court denied them.

It is true that the Commissioner now claims that it was unnecessary for him to file his application for reconsideration or for leave to amend his answer. He contends that all of the requisite pleadings and evidence were before the Tax Court at the time of its decision, and that all that is necessary now is a correct computation. He submits that he was successful on the hearing before the Tax Court in having two deductions disallowed and added to the taxpayer's income, while, at the same time, conceding one deduction, resulting, altogether, in an addition in net income of $9,070.83, or a total net income on the part of the taxpayer of $28,366.79 for the year 1944—instead of the sum of $19,295.96, as disclosed by the taxpayer's return. From the evidence before us, we do not know that there was proof of such additional income. What we do know is that the Tax Court disallowed the Commissioner's claim that $95,116.56 constituted income to the taxpayer because, as the Tax Court found, this amount should be attributed to a partnership, a completely separate entity from the taxpayer. Moreover, the

Tax Court held that the amount of $27,685.32, constituting an employees' pension trust, was not income of the taxpayer in 1944, as claimed by the Commissioner; that $10,000 in legal fees was properly deductible, contrary to the Commissioner's holding; and that $2,000 was properly deductible for accountant's fees. But there appears in the evidence no finding or decision that $3,000 should be added to the taxpayer's income on the ground that it was "office income" or that $2,000 should not be deducted as office expense, as claimed by the Commissioner. Nothing was said by the Tax Court about these items except that "after concession and agreement upon other issues," the questions presented were whether the Commissioner had erred in allocating the partnership profits to the taxpayer; whether he had erred in disallowing the deductions paid, in 1943 and 1944, for the employees' pension plan; and whether the taxpayer was entitled to amounts paid for attorneys' and accountant's fees.

We do not know what the concessions and agreements were on the other issues, which were mentioned in the prior determination of the Tax Court. The Commissioner had determined income tax deficiencies against the taxpayer, for 1945 and 1946, in the amount of $30,045.38. It appears, subsequently, in the Commissioner's computation for entry of decision that no income tax deficiencies were claimed for those years. For the years, 1945 and 1946, the Commissioner had determined excess profits tax deficiencies of $174,687.89. It appears, in his computation for entry of decision, that he claimed no excess profits tax deficiencies for those years. Why, we do not know.

The Commissioner claimed an increased income tax deficiency for 1944 on the basis of excess profits credit adjustment. How this was arrived at is not apparent except from the Commissioner's computation set forth in his motion for leave to file amendment to his answer, which, however, the Tax Court denied. We do not know even whether the net income as computed by the Com-

missioner was correct. Of course, by accepting the figure in the Commissioner's computation for decision, we can arrive at his result; but these computations are not proof, and do not rest upon any proof before us. We realize that the record before the Tax Court was much more complete than in this court. But we can only judge from what is before us, and upon this record, we cannot hold that the Tax Court was in error in determining that respondent's income tax deficiency amounted to $713.75, instead of $3,413.97, as contended by the Commissioner. Unless we accept, as proof, the computations contained in the Commissioner's proposed answer attached to his motion, which was denied, there is no ground upon which the Tax Court can be reversed.

We find no abuse of discretion in the action of the Tax Court, which was in compliance with its rules, and its decision is, accordingly, affirmed.

SHACKELFORD MILLER, Circuit Judge (dissenting).

I am of the opinion that the present case involves merely a question of the correct computation of the tax for the year 1944 under Rule 50 of the Tax Court, using undisputed figures as shown by the taxpayer's return, and applying the rulings of the Tax Court with respect thereto and the applicable statutory provisions. It does not involve a reopening of the case or a rehearing of any issue previously before the Tax Court. Accordingly, Rule 19 of the Tax Court limiting the time for filing a motion for rehearing is not involved.

The Commissioner's computation is based upon a net income of $28,366.79. If that base is correct and he is permitted to decrease the credit for adjusted excess-profits net income taken by the taxpayer under Sec. 26(e), Internal Revenue Code, 26 U.S.C.A. § 26(e), to what it properly should be under Sec. 710, Internal Revenue Code, 26 U.S.C.A. § 710, by reason of the Tax Court's ruling which decreased excess profits tax deficiencies the computation adjudged by the Tax Court is incorrect.

The decrease in the credit is in accordance with the statutory provisions and is mandatory in computing the tax, unless barred for failure to timely raise the point. The Commissioner's amended answer and subsequent motions to the same effect were within time, under Sec. 272 (e), Internal Revenue Code, 1939, 26 U.S. C.A. § 272(e). Helvering v. Edison Securities Corp., 4 Cir., 78 F.2d 85, 89–91; Commissioner of Internal Revenue v. Ray, 7 Cir., 88 F.2d 891, 893; Olds & Whipple v. United States, 22 F.Supp. 809, 817, 86 Ct.Cl. 705; Commissioner of Internal Revenue v. Wells, 6 Cir., 132 F.2d 405, 408.

I am of the opinion that the base figure used by the Commissioner is correct as shown by the record, and does not require a rehearing of any issues previously determined by the Tax Court or a determination of any new issues by it. The taxpayer's tax return for 1944 gives his net income as $19,295.96. The Commissioner was successful before the Tax Court in having two deductions disallowed, namely, capital stock tax $2,070.83, and one-third of a $15,000 legal fee, namely, $5,000. He was also successful in adding additional income from rentals in the amount of $3,000, and conceded an additional deduction of $1,000 for officer's compensation. The net result of these adjustments, following the rulings of the Tax Court, was an increase in net income in the amount of $9,070.83. This amount, when added to the net income shown by the taxpayer's return, results in a net income of $28,366.79, the base used by the Commissioner in his proposed computation. I am of the opinion that the Tax Court was in error in declining to use this base in its computation under Rule 50 of the correct tax for 1944, and that the judgment should be reversed.