# T. W. WARNER CO. v. UNITED STATES.
## No. 41902.

Court of Claims.
June 1, 1936.

Fred E. Fuller, of Toledo, Ohio (Richard S. Doyle, of Washington, D. C., and George D. Welles and Harley A. Watkins, both of Toledo, Ohio, on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.

The findings in this tax case are many and in great detail. The court gives them because of the insistence of the parties that they are essential to the presentation of their respective contentions. The court is of the opinion that but one issue is involved, i. e., the validity or invalidity of the waivers filed extending the statute of limitations as to assessment and collection of the taxes hereafter set forth and discussed. This suit is for the recovery of an alleged overpayment of income and profits taxes for the calendar year 1920.

Two corporations must be referred to. The first one is the T. W. Warner Company, incorporated under the laws of Indiana on April 15, 1911, and having its place of business at Muncie, Ind., hereafter referred to as the Indiana corporation. The second one of precisely the same name, i. e., T. W. Warner Company, was incorporated under the laws of Delaware on November. 16, 1920, and its place of business was Toledo, Ohio. T. W. Warner owned substantially all the stock in both companies, was the president of the Indiana corporation, and later president of the Delaware corporation.

On December 9, 1920, the Delaware corporation purchased all the assets of the Indiana corporation and assumed all its outstanding liabilities. The consideration for the sale was an even exchange of stock in the old company for stock in the new one. Subsequent to the sale, on September 10, 1921, the Indiana corporation was dissolved under the laws of Indiana.

March 15, 1921, the Delaware corporation filed its income and profits tax return with the collector of internal revenue at Indianapolis, Ind., for the calendar year 1920. This return disclosed the tax liability of the company by including the transactions of the Indiana corporation from January 1, 1920, to and including December 9, 1920, when it was acquired by the Delaware corporation, and the transactions of the Delaware corporation to the close of the year. The company stated its tax liability to be $14,787.05 and this sum was paid to the collector at Indianapolis.

In August, 1923, a revenue agent examined the books and records of the company for the years 1917 to 1920, inclusive. The agent recommended the assessment of deficiencies against the Indiana corporation for the years 1917, 1918, and 1919, and an overassessment in favor of

the Delaware corporation for the year 1920 of $14,787.05. The Indiana corporation paid the original deficiency assessments. However, in March, 1924, an additional deficiency was assessed against the corporation for 1917 amounting to $166,810.50. Later the Commissioner abated $82,997.65 of this assessment, leaving an unpaid tax of $83,812.85.

Without going into additional detail, it is sufficient to state that the Commissioner, after executing his original schedule of overassessment of the Delaware corporation for 1920 and directing in the established manner the refund of the overpayment for that year to the corporation, upon later information as to the unpaid additional deficiency of the Indiana corporation for 1917 recalled the issued refund check for the overpayment, changed his records, and on November 4, 1926, issued a sixty-day deficiency letter to the Delaware corporation, assessing against it as transferee a deficiency tax of $69,025.80, i. e., the balance unpaid of additional deficiency tax of the Indiana corporation.

The Commissioner determined the additional tax due from the Indiana corporation by applying as a credit the overpayment of the Delaware corporation for 1920. The computation of the tax submitted to the plaintiff was as follows: Additional deficiency assessment against the Indiana corporation for 1917 of $166,810.50, less $82,997.65 abated, leaving an unpaid balance of $83,812.85. By the application of the $14,787.05 overpayment of the Delaware corporation for 1920, plaintiff's tax liability as a transferee was determined in the sum of $69,025.80.

December 24, 1926, the Delaware corporation appealed to the Board of Tax Appeals, and on May 8, 1930, the Board decided that the waivers filed by the taxpayers were invalid, and hence the Delaware corporation was not liable as a transferee for the payment of the tax. 19 B.T.A. 872. The Commissioner acquiesced in this decision but refused to refund to the Delaware corporation the $14,787.05 overpayment previously allowed it for 1920 on the ground that under section 284 of the Revenue Act of 1926 (44 Stat. 66) such a refund could not be lawfully allowed. The Commissioner, at the time he refused to refund the overpayment for 1920, expressly stated and called the attention of the taxpayer to the fact that the outstanding tax liability for the additional taxes for the year 1917 was barred from collection by the statute of limitations (Finding 20).

It is conceded that the additional deficiency assessment against the Indiana corporation for 1917 was barred by the statute of limitations unless a waiver executed by the company on February 7, 1923, extended the time for assessment beyond the period of March, 1924. Another waiver executed by the company on January 18, 1924, appears of record and is set forth in Finding 11.

The plaintiff contends that, irrespective of other available legal rights to recover a judgment for the tax involved, the decision of the Board of Tax Appeals holding both of the above waivers invalid, a decision from which the Commissioner did not appeal, is res adjudicata, and that the defendant may not attack the correctness of that decision collaterally in this court. The defendant insists that the decision is not binding on this court and is not res adjudicata.

The case of the Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, determined the jurisdiction of the Board of Tax Appeals, and the conclusiveness of its decision unappealed from. One quotation from this exhaustive opinion expresses the established rule of law. "The complete purpose of Congress to provide a final adjudication in such proceedings, binding all the parties, is manifest, and demonstrates the unsoundness of the objection." 279 U.S. 716, at page 727, 49 S.Ct. 499, 503, 73 L.Ed. 918. Since the decision in the Old Colony Case was announced, a long line of cases has arisen and we find no one case which seeks to apply a different rule.

In the case of Tait v. Western Maryland Railroad Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, the Supreme Court held, quoting from the syllabus: "It will not be inferred that Congress, merely by adopting the scheme of annual tax periods, and without express declaration of purpose, intended to abolish the doctrine of res judicata in tax cases and thus to deprive Government and taxpayer of relief from redundant litigation of identical questions as to the liability of the same taxpayer under the same taxing provisions. United States v. Stone & Downer Co., 274 U.S. 225 [47 S.Ct. 616, 71 L.Ed. 1013],

respecting res judicata in tariff cases, distinguished."

 It is not essential to review the numerous cases cited in the brief. The Revenue Act of 1926 enlarged the jurisdiction of the Board, and it has been repeatedly held that where a taxpayer resorts to the Board, the remedy available to both the taxpayer and the Commissioner in the event of an adverse holding is by way of appeal to the federal courts mentioned. Bankers' Reserve Life Co. v. United States, 44 F.(2d) 1000, 71 Ct.Cl. 279, certiorari denied 283 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448. It may be that if the Board of Tax Appeals had had the decision of the Supreme Court in Helvering v. Newport Co., 291 U.S. 485, 54 S.Ct. 480, 78 L.Ed. 929, before it an entirely different judgment would have been reached, but there is nothing said in the case which warrants the existence of a collateral attack upon the Board's judgment, which became final when not appealed from. Art Metal Construction Co. v. United States, 13 F.Supp. 756, decided by this court March 2, 1936.

In Helvering v. Newport Co., supra, the parties pursued the statutory remedies, whereas in the Board of Tax Appeals case now challenged by the defendant the Commissioner acquiesced in the judgment and thereafter sought by his own interpretation of the statute of limitations, applicable to the allowance of an overpayment for a given year, to withhold from plaintiff the payment of the same. See section 284 (d) of the Revenue Act of 1926. The case of Kieckhefer v. United States (Ct.Cl.) 8 F.Supp. 734, is clearly distinguishable from this case upon the facts found, and in addition to this the suit in the Court of Claims related exclusively to the years 1918 and 1920 and the suit before the Board of Tax Appeals related to the year 1919, and the taxable periods were not the same. See section 272 (g) of the Revenue Act of 1928 (26 U.S.C.A. § 272 and note).

The plaintiff's refund claim was timely filed, and we are of the opinion that the court has jurisdiction.

The Board of Tax Appeals had before it the precise issue involved in this case. The same facts and the same tax adjustments made by the Commissioner are determinative of the issue in both cases, and in our opinion the decision of the Board became final and not open to collateral attack in this case.

The plaintiff is entitled to a judgment for $14,787.05, with interest as provided by law. It is so ordered.