### UNITED STATES v. BROWN et al.
### No. 7074.

Circuit Court of Appeals, Sixth Circuit.
Dec. 15, 1936.

Berryman Green, of Washington, D. C. (Robert H. Jackson and Sewall Key, both of Washington, D. C., and Bunk, Gardner and Oldham Clarke, both of Louisville, Ky., on the brief), for appellant.

J. Verser Conner, of Louisville, Ky., for appellees.

Before HICKS and ALLEN, Circuit Judges, and RAYMOND, District Judge.

ALLEN, Circuit Judge.

Appeal from a decree dismissing a bill in equity filed March 1, 1926, against the taxpayers as transferees of the assets of The Big Spring Distilling Company. The bill alleged that the taxpayers received the assets of the corporation and held them charged with a trust in favor of the Government for the amount of certain unpaid income taxes assessed against the corporation for the taxable years 1918, 1919, 1920 and 1921.

On March 1, 1922, The Big Spring Distilling Company was dissolved and after its affairs were liquidated, its assets were distributed among its stockholders. The taxpayers received in proportion to their stock the following amounts: George Brown, $72,735.14; Abe M. Brown, $71,156.25; Harry Brown, $71,156.25. Amounts equivalent to the unpaid corporation taxes aggregating $30,937.49 were included in the assets distributed to the taxpayers. The Government concedes that the taxes for 1918 and 1919 are barred by the statute of limitations, and that the taxes for 1920 and 1921 only aggregating $9,638.78, are involved.

In November, 1926, subsequent to the filing of the instant suit, the Commissioner assessed each of the taxpayers for his share of the entire sum received in liquidation of the corporation, less the cost of the stock, considering the respective amounts as taxable income for the year 1922. Each of the taxpayers then filed his petition with the Board of Tax Appeals, claiming among other things that the assessment in each case should be reduced by each taxpayer's proportionate share of the aggregate amounts claimed by the Government for unpaid income and profits taxes assessed against the corporation. The Commissioner in his answer asserted in substance that the entire amount received by each taxpayer as a liquidating dividend less only the cost of his stock was taxable as personal income to each of these taxpayers, and that no reduction should be made on account of the unpaid taxes of the corporation. This contention was sustained by the Board. No appeal was taken from this decision, and it is in full force and effect.

The District Court held that the Government was estopped by the decision of the

Board of Tax Appeals, and that by pressing that litigation to judgment the Government had elected not to attempt to enforce the transferee liability against the taxpayers, and therefore could not recover.

While it has been held in the Court of Claims (Warner Co. v. United States, 15 F.Supp. 160) that estoppel by judgment may arise out of a decision by the Board of Tax Appeals from which no appeal has been taken, it is not necessary to consider that question, as the Commissioner made a binding election in the proceedings before the Board and can not now pursue the inconsistent remedy of the equity action.

The Government contends that as the doctrine of election is based upon a freedom of choice between inconsistent remedies (Wm. W. Bierce, Ltd., v. Hutchins, 205 U.S. 340, 27 S.Ct. 524, 51 L.Ed. 828), it is inapplicable here. It urges that the Commissioner had no choice between charging the unpaid taxes as a liability to be enforced by transferee proceedings and also assessing as personal income the entire liquidating dividends without making any deduction for transferee liability.

This argument ignores the fact that the Commissioner in 1926 filed this bill in equity on the theory that the taxpayers as transferees held an amount equivalent to the unpaid corporation taxes in trust for the Government. Answers were filed and issue was joined before the proceedings in the Board of Tax Appeals were instituted. The decision of the Board was rendered November 22, 1932. If the instant suit had been prosecuted and the Commissioner had obtained a judgment, the corporation taxes would have been paid long before the decision of the Board, and the amount assessed in those proceedings would have required reduction by the amount of the recoverable corporation taxes. The Commissioner exercised a freedom of choice. He chose to press the tax appeal proceedings, and this unequivocally constituted an election. Cf. Robb v. Vos, 155 U.S. 13, 43, 15 S.Ct. 4, 39 L.Ed. 52. So far as the corporation taxes were concerned, the Government could avail itself of one of two remedies. The same amounts could not at once constitute income to the taxpayers and also be charged with a trust in favor of the Government. The Government could bring the transferee action on the theory of trust, or in the alternative, it could claim that all of the liquidating dividends constituted personal income to the taxpayers. It could not pursue both courses. It deliberately chose that the instant case should slumber in the files, and pressed the personal assessment on the theory that the entire respective amounts of liquidating dividends constituted income. The Government is bound by its election. United States v. Oregon Lumber Co., 260 U.S. 290, 301, 43 S.Ct. 100, 67 L.Ed. 261. The Commissioner concedes that there is a "certain equity" in the position of the taxpayers, and the court rightly so considered.

The decree is affirmed.