## VESTAL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9025.

United States Court of Appeals District of Columbia.

Argued Oct. 25, 1945.

Decided Dec. 3, 1945.

Mr. Homer Hendricks, of Washington, D. C., for petitioner.

Mr. Fred E. Youngman, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Jr., Assistant Attorney General, and Mr. Sewall Key and Miss Helen R. Carloss, Special Assistants to the Attorney General, were on the brief, for respondent. Messrs. J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., also entered appearances for respondent.

Before GRONER, Chief Justice, ALBERT LEE STEPHENS, Circuit Judge, sitting by designation, and PRETTYMAN, Associate Justice.

PRETTYMAN, Associate Justice.

This is an income tax case brought from the Tax Court of the United States to this court by stipulation of the parties under Section 1141(b) (2) of the Internal Revenue Code.[1] The tax is proposed against appellant as the transferee of assets of a dissolved corporation. By order of this court, entered pursuant to another stipulation of the parties, six other cases now pending on the court's docket,[2] involving other transferees of assets of the same corporation, are to be governed by the judgment in this case.

Chilhowee Mills, Inc., was a Tennessee corporation. On June 10, 1937, it granted to an outside party an option to purchase its good will and substantially all its assets. Among its assets was certain real estate. As of June 30, 1937, by action of its stockholders, it dissolved and surrendered its corporate charter. The corporate books were closed as of that date. As of July 1, 1937, the former holders of the common stock formed a partnership, in which their proportionate holdings as part-

---

[1] 26 U.S.C.A. Int.Rev.Code, § 1141(b) (2).

[2] Marie Kinser, No. 9026; Oscar A. Knox, No. 9027; H. S. Moody, No. 9028; Miles A. Riddle, No. 9029; Hubert J. Vestal, No. 9030, and J. P. Vestal, No. 9031.

ners were the same as their prior holdings as stockholders. Partnership books were opened, and capital accounts in all the assets, including the real estate, were stated for the several partners. Thereafter, the business was conducted as a partnership. No formal articles of partnership were drawn. No deed to the real estate was executed by the corporation to the partnership.

In their individual income tax returns for 1937, the individuals who had been stockholders treated the liquidation of June 30, 1937, as a complete liquidation and as a distribution of all the assets, including the real estate. They paid taxes upon the gains thus computed. The corporation filed no income tax return for any period after June 30, 1937. Partnership returns were filed for Chilhowee Mills, beginning July 1, 1937.

In October, 1938, pursuant to the option of June 10, 1937, the real estate was sold to an assignee of the original option holder. The deed was executed by the former officers and directors of Chilhowee Mills, Inc., as trustees in liquidation.[3] Chilhowee Mills, the partnership, included in the partnership return the gain from this sale and reported all required pertinent data in respect thereto. The respective partners paid the tax upon their respective shares of the income thus reported.

The Commissioner of Internal Revenue, upon examining the partnership returns for the fiscal years ending June 30, 1938, and June 30, 1939, determined that Chilhowee Mills was not a partnership but was an association taxable as a corporation. He thereupon sent a notice of deficiency upon that basis, including among other items in the income for the fiscal year 1939 the gain on the sale of the real estate.

Chilhowee Mills appealed to the then United States Board of Tax Appeals. The sole question before the Board was wheth- er the petitioner was taxable as a partnership or, being an association, was taxable as a corporation. The Board held for the petitioner[4] and pointed out in its opinion that it was foreclosed by the pleadings from the question latent in the case of whether the proceeds from the sale of the real estate was to be considered income of the partnership or income taxable as corporate income to the corporation in dissolution. No appeal being taken, the decision of the Board became final.

Thereafter, on January 9, 1943, the Internal Revenue Agent in Charge at Nashville, Tennessee, pursuant to the general authority delegated to him by the Commissioner,[5] sent to Chilhowee Mills a statement showing his computation of the distributive net income of the partnership for the fiscal years 1937, 1938 and 1939, and thereafter sent to each of the partners a statement showing his computation of the respective partner's individual income tax liability upon that basis. In the latter statements, he said:

"On June 30, 1937, Chilhowee Mills, Inc., Athens, Tennessee, dissolved and distributed all of its assets in complete liquidation by opening accounts with each of its holders of common stock and crediting to those accounts the entire amount of its capital as represented by the common stock outstanding, and surplus. * * * After dissolution of the corporation, the business was continued as a partnership."
Included in the income thus taxed to the partners was the gain upon the sale of the real estate in 1938. The additional taxes shown by these statements were paid.[6]

Meantime, when the Commissioner had first determined that Chilhowee Mills was taxable as a corporation, some of the individuals, in order to protect their rights in the event the Commissioner was sustained in that determination, had filed claims for refund for the taxes which had been paid

---

[3] Mitchie's Tennessee Code of 1938 (Annotated) §§ 3756, 3757.

[4] 1942, 47 B.T.A. 682.

[5] See Mertens, Law of Federal Income Taxation, Vol. 9, § 49.37 et seq.; Ash on How to Write a Tax Brief; also Preparation and Trial of Tax Cases by the same author, Current Problems in Federal Taxation published by the Practising Law Institute.

[6] The written stipulation of facts in the record describes these taxes as "as- sessed and collected" but says that the records in the office of the Internal Revenue Agent in Charge do not show whether the deficiencies were collected. Records of collection are in the offices of the Collectors of Internal Revenue. Collection is the normal consequence of a recommendation by an Internal Revenue Agent in Charge. The Tax Court said, "It was also stipulated that the persons to whom these letters were addressed paid the net tax shown due therein."

by them individually for 1937 upon the complete distribution theory. These claims for refund were denied.

On June 17, 1943, the Commissioner addressed notices of deficiency to Chilhowee Mills, Inc., as a dissolved corporation, and to the several former stockholders, in which he determined that the sale of the real estate in 1938 was by the corporation in dissolution, and that the several individuals were liable as transferees of the assets of the corporation for the taxes thus computed. The corporation, by its former officers, and the individuals appealed to the Tax Court of the United States. That court sustained the determination of the Commissioner.[7] From that judgment the cases are brought to this court upon petitions for review.

The sale here involved is the sale of the real estate in 1938. It is the same sale upon which the gain was taxed to the individuals as partners pursuant to the action of the Internal Revenue Agent in Charge in January, 1943. The individuals who were then taxed as partners are the same individuals whom it is now proposed to tax as transferees of the assets of the corporation.

Petitioner, on behalf of himself and the other transferees, contends (1) that there was no liability on him in law or in equity for the tax as transferee of the assets of the corporation, because there was no tax due by the corporation, any such tax having been barred by the statute of limitations; (2) that the decision of the Board of Tax Appeals in the prior proceeding is res judicata of the issues in the case at bar; (3) that the Commissioner, having determined and collected taxes from these individuals upon the theory that the sale in 1938 was by the partnership, is now estopped from asserting that the sale was by the corporation in dissolution; and (4) that, in determining that the sale in 1938 was by the partnership and in collecting taxes from the individuals upon that basis, the Commissioner made a binding election and therefore cannot now assert that the tax upon the same sale is now due from the same individuals as transferees of the assets of the corporation.

Petitioner says that since assessment against the transferor corporation is barred by the statute of limitations, no liability, at law or in equity, of the transferees of the property, exists in respect of the tax. Section 311(a) (1), Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 311 (a) (1). The point is pertinent, of course, only upon the assumption that the corporation made the sale. If the corporation made the sale, the proceeds must have been distributed thereafter. Just what the date of such distribution was, under the Commissioner's theory of the case, is not clear, but it could not have been later than February 20, 1939, when, the Tax Court found, the corporation was finally dissolved. The transferee's liability is one which attaches, at law or in equity, to the assets when distributed, and such liability exists in equity when a tax is then potentially due.[8] The corporate return for the period ended June 30, 1939, if any was due, was not due by February 20, 1939, and so any tax due upon such a return was a potential liability when the transferees took the assets, even if the distribution be deemed to have occurred at this latest possible date. Such being the case, the statute of limitations provided for assessments against transferees applies. That period is one year after the expiration of the period of limitation for assessment against the taxpayer.[9] The corporate return for the fiscal year ended June 30, 1939, if any was due, was due September 15, 1939. The three-year period upon assessments against the taxpayer, plus the additional year, expired September 15, 1943. The notices of deficiency mailed June 17, 1943, were, therefore, in time, if, as we have said, it be assumed that the corporation made the sale.

Petitioner's contention that the return filed by Chilhowee Mills, a partnership, for the fiscal year 1939 was a return which started the running of the statute of limitations,[10] is not, in our view, a sound premise for the conclusion that the liability of the transferees is barred. The only valid

---

[7] 1945, 4 T.C. 558.

[8] Updike v. United States, 8 Cir., 1925, 8 F.2d 913, certiorari denied 271 U.S. 661, 46 S.Ct. 473, 70 L.Ed. 1138; Scott v. Commissioner of Internal Revenue, 8 Cir., 1941, 117 F.2d 36.

[9] Sec. 311(b) (1), Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 311(b) (1).

[10] This contention is material in Chilhowee Mills, Inc. v. Commissioner, No. 9024, decided simultaneously herewith, and is discussed there.

premise for petitioner's conclusion is that the one-year additional period provided for assessment against transferees does not apply in this case. We find no reason why it does not apply.

Petitioner next contends that the decision of the then Board of Tax Appeals in Chilhowee Mills v. Commissioner, supra, is res judicata of the issues here involved. It is sufficient to say that the Board of Tax Appeals specifically pointed out in its opinion in that case that it was foreclosed from considering the question as to the taxability of the gain on the sale of the real estate.

Petitioner's principal contention is that the Commissioner, in denying the claims for refund for 1937 and in assessing the taxes for 1939 upon the theory that the sale of the real estate was by the partnership and the taxes due from the partners, made a binding election and is now estopped from asserting that the sale was by the corporation in dissolution and that the tax is due from these same individuals as transferees of the assets of the corporation. With this contention we agree.

The taxes due upon the gain upon this sale are in any event to be collected from the individuals who were formerly stockholders and latterly partners. These individuals deemed the sale to have been by the partnership and so reported it in the partnership return and in their individual returns, fully revealing all the required pertinent data. Later, the Board of Tax Appeals, passing solely upon the proper taxable entity, specifically noted that the question as to whether the gain on the sale of the real estate was taxable to the partnership or to the corporation in dissolution, was left open. At that point the Commissioner, being fully advised of all the facts and having had his attention specifically called to the question, had a clear election. He might have asserted that the sale was by the corporation in dissolution and the tax thereon due from the individuals as transferees, or he might have asserted that the sale was by the partnership and the taxes due from the individuals as partners, or he might have asserted that he was in doubt as to the question and therefore issued notices of deficiency in

the alternative so as to place the question squarely before the Tax Court of the United States. He proceeded, through the Internal Revenue Agent in Charge, to assert that the sale was by the partnership and the taxes due from the individuals as partners. Moreover, he denied the individuals' claims for refund of taxes paid for 1937 upon the complete distribution theory.

This is not a case wherein the taxpayers relied upon erroneous advice from a subordinate of the Commissioner. It is not a case wherein the original action was without authority, such, for example, as was the fact in United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40; Ritter v. United States, 3 Cir., 1928, 28 F.2d 265; Cummings v. Societe Suisse Pour Valeurs de Metaux, 66 App.D.C. 121, 85 F.2d 287, and many similar cases. The Internal Revenue Agent in Charge clearly acted within his delegated authority. In fact, his primary duty is to audit returns and propose such adjustments therein as seem to him proper.[11] The subsequent assessment and collection were by the Commissioner and the proper Collector, respectively.[12] The total action taken was not the isolated performance of a single official.

This is not a case wherein pertinent facts were later discovered. All the facts have been known from the beginning. It is not a case wherein the Commissioner made an interpretative ruling which he later contends was erroneous under the statute. It is not a case wherein the Commissioner interpreted one set of facts existing in one year and then, on another set of facts in another year, takes an inconsistent position. It is not a case in which the Commissioner having made one determination in respect to a year, makes a further determination upon other items in that year.

In the case before us, the transaction is the same, the gain is the same and the individuals who are to be taxed are the same. The original question was whether, under the agreed facts, these individuals were liable for the tax as partners or were liable as transferees. The Commissioner chose to impose the tax upon the theory that the individuals were liable as partners. Having concluded that imposition, he cannot later assert that the tax is again

---

[11] See note 5 supra.

[12] Mertens, Law of Federal Income Taxation, Vol. 9, § 49.37.

due from these same individuals upon the theory that they are liable as transferees.

We think that the doctrine of United States v. Brown, 6 Cir., 1936, 86 F.2d 798, is sound and should apply in this case. In that case a corporation was dissolved and its assets distributed. The Commissioner claimed that an income tax was owed by the distributee stockholders upon the entire amount of the liquidating dividend less the cost of the stock. He disallowed their claim that the assessment in each case should be reduced by each taxpayer's proportionate share of the aggregate amounts claimed by the Government for the dissolved corporation's unpaid income and profits taxes. This disallowance was sustained by the Board of Tax Appeals, and no appeal was taken. Prior to the Board's decision, however, the Commissioner brought a bill in equity, claiming that the individual stockholders were transferees of the assets of the corporation and were therefore liable for its unpaid income and profits taxes due for prior years. The Circuit Court held, in affirming the District Court's dismissal of the bill, that the Commissioner had made a binding election in pursuing to a conclusion his determination that the stockholders were liable upon the full amount of the liquidating dividend without reduction on account of unpaid taxes of the corporation. The court said, 86 F.2d at page 799:

"The Commissioner exercised a freedom of choice. He chose to press the tax appeal proceedings, and this unequivocally constituted an election. Cf. Robb v. Vos, 155 U.S. 13, 43, 15 S.Ct. 4, 39 L.Ed. 52. So far as the corporation taxes were concerned, the Government could avail itself of one of two remedies. The same amounts could not at once constitute income to the taxpayers and also be charged with a trust in favor of the Government. The Government could bring the transferee action on the theory of trust, or in the alternative, it could claim that all of the liquidating dividends constituted personal income to the taxpayers. It could not pursue both courses. It deliberately chose that the instant case should slumber in the files, and pressed the personal as-

sessment on the theory that the entire respective amounts of liquidating dividends constituted income. The Government is bound by its election. United States v. Oregon Lumber Co., 260 U.S. 290, 301, 43 S.Ct. 100, 67 L.Ed. 261."

To the same effect are Staten Island Hygeia Ice & Cold S. Co. v. United States, 2 Cir., 1936, 85 F.2d 68; Walker v. United States, C.C.Md.Ala., 1905, 139 F. 409; Joseph Eichelberger & Co. v. Commissioner of Int.Rev., 5 Cir., 1937, 88 F.2d 874; Ford Motor Co. v. United States, 1935, 9 F.Supp. 590, 604, 81 Ct.Cl. 30.

In the case at bar the Tax Court said: " * * * the Commissioner should, and no doubt will, take such administrative action as is necessary to conform to the decision and avoid any unconscionable double taxation."

The Commissioner has made no authoritative proposal that he would take such administrative action. Moreover, that possible action is not before the court for determination. The situation before the court is simply that the Commissioner has assessed and collected the taxes once and proposes to collect another tax from the same individuals upon the same transaction. It is clear that the Commissioner has no statutory authority to reverse his former action in its entirety. If his present contentions be correct, the claims for refund filed by the taxpayers for 1937 should be allowed. But the period within which the individuals might institute court action on the claims for refund,[13] and the period during which voluntary overassessments might be made by the Commissioner to such of the individuals as did not file claims for refund,[14] have expired.

The doctrine of election and estoppel must be applied with great caution to the Government and its officials. But in proper circumstances it does apply.[15] We do not intend by any language in this opinion to posit a rule broader than the decision. We hold that in this case the Commissioner, having made, within the scope of his authority, with full knowledge of all the facts and being fully conscious of the problem involved, an election to collect a tax upon a given transaction upon a stated

[13] Sec. 3772, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 3772.

[14] Sec. 322(b) (1), Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 322(b) (1).

[15] United States v. Brown, supra; Staten Island Hygeia Ice & Cold S. Co. v. United States, supra; Joseph Eichelberger & Co. v. Commissioner of Int. Rev., supra; Ford Motor Co. v. United States, supra. See Ritter v. United States, 3 Cir., 1928, 28 F.2d 265.

basis, cannot later be heard to assert another tax upon the same transaction against the same individuals, no erroneous interpretation of a statute being involved and restoration to the taxpayers of the taxes originally collected being impossible.

The Commissioner cites Niles Bement Pond Co. v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901; Guaranty Trust Co. of New York v. Henwood, 8 Cir., 1938, 98 F.2d 160; Emery v. Commissioner of Internal Revenue, 1 Cir., 1935, 78 F.2d 437, and Angelus Milling Co. v. Commissioner of Internal Revenue, 325 U.S. 293, 65 S. Ct. 1162. We do not find them pertinent.

Respondent says that estoppel was not pleaded. But it was presented to and considered by the Tax Court. Helvering v. Salvage, 297 U.S. 106, 109, 56 S.Ct. 375, 80 L.Ed. 511.

Decision reversed.