J. T. WURTSBAUGH, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5316. Promulgated January 28, 1947.

*Walter E. Barton, Esq.*, for the petitioner.
*D. Louis Bergeron, Esq.*, for the respondent.

186

188

### OPINION.

HILL, *Judge*: Respondent contends that the sale of the land in question was in reality made by the company and that the stockholders merely carried out the company's obligations as agents and conduits of title. Respondent relies in this connection primarily on *Commissioner* v. *Court Holding Co.*, 324 U. S. 331. · Respondent further argues that the profit from such sale was sufficiently certain in fact and ascertainable in amount in 1940 to constitute accrued income in that year for income tax purposes. Petitioner contends that the sale was made by the stockholders and that in so far as the company was involved in the negotiations it acted as agent for the stockholders. Petitioner further argues that in any event the profit on the sale was not realized until 1941. We agree with petitioner that the profit from the sale was not realized for income tax purposes in 1940.

By the end of 1940 the negotiations and agreements concerning the sale in question had reached the stage where there existed an executory agreement to sell at a prescribed price, the form of the prospective deed of conveyance had been in general accepted, and the abstract of title had been found as a whole sufficient. But it was not until 1941 that title was finally approved and the deed of conveyance was signed passing title and the right of possession to the vendee or that any consideration passed. Under these circumstances, we do not think the sale constituted a closed transaction or that either the benefits or burdens of ownership passed to the vendee in 1940 so as to render the vendee liable for the purchase price in that year. For these reasons we do not think that any profit from the sale was realized or accrued for income tax purposes in 1940. *Lucas* v. *North Texas*

*Lumber Co.*, 281 U. S. 11. See also *U. S. Industrial Alcohol Co.* v. *Helvering*, 137 Fed. (2d) 511.

Holding as we do that the profit from the sale was not realized for income tax purposes in 1940, the only year before us, it becomes unnecessary to decide whose profit it was. Certain adjustments were not contested by petitioner and consequently,

*Decision will be entered under Rule 50.*