**BARNETT INV. CO. v. NEE.**

**No. 1947.**

District Court, W. D. Missouri, W. D.

June 20, 1947.

Haysler A. Poague, of Clinton, Mo., and Cowgill & Popham, of Kansas City, Mo. (Sam Mandell, of Kansas City, Mo., of counsel), for plaintiff.

Sewall Key, Acting Asst. Atty. Gen., Andrew D. Sharpe and James P. Garland, Sp. Assts. to Atty. Gen., and Sam M. Wear, U. S. Atty., of Kansas City, Mo., for defendants.

REEVES, District Judge.

The only question for decision in this case is whether the plaintiff was entitled to a deficiency dividend credit under certain provisions of the Revenue Law.

Admittedly the plaintiff is a personal holding company and concededly it did not comply with the provisions of the statute enabling it to claim a deficiency credit dividend. It is alleged in the complaint (and the testimony and arguments of counsel support the allegation), that the plaintiff was under a misapprehension as to its rights and that one Chiles J. Cridlin, an Internal Revenue Agent, advised its officers erroneously with respect to the effect of a certain instrument signed by it. It believed (and says it was so advised), that the instrument thus signed was "a final closing agreement under Section 606 of the Revenue Act of 1928 [26 U.S.C.A. Int.Rev.Acts, page 458]."

However, a note to such agreement contained the express provision that: "— * * * It is not, however, a final closing agreement under Section 606 of the Revenue Act of 1928 and does not, therefore, preclude the assertion of a further deficiency in the manner provided by law should it subsequently be determined that additional tax is due, nor does it extend the statutory period of limitation for refund, assessment, or collection of the tax."

Based upon the theory and advice of a revenue agent that such an instrument was a closing agreement the plaintiff asserted its claim for a refund upon such alleged deception and alleged misapprehension. Thereafter specified steps and formal actions were taken by the plaintiff, all with the end in view to legalize its claim to a deficiency dividend credit. Concededly such actions were not seasonably made, nor did they comply with the statutory require-

82

ments. The plaintiff rested its right of recovery upon the allegations:

"* * * that it, in good faith, and with due diligence and acting upon the advice of able counsel, took all steps necessary to secure the deficiency dividend credit of $1,584.84; that if such steps were not taken in the chronological order prescribed by the statutes through misadvertence, such misadvertence was caused and brought about by the failure of the Treasury Department to promptly furnish the proper forms and to promptly prescribe the procedure it desired followed, and by the failure of the Treasury Department to properly advise plaintiff as to the effect of the steps it had taken and was taking to secure such credit and on which plaintiff asked for and obtained advice from the Treasury Department as above set forth; * * *."

"* * * That in all good conscience and equity the defendant should be estopped from taking advantage of plaintiff's situation with respect to the technical chronological order of the steps taken by it to secure the deficiency dividend credit, since defendant and his agents and the other agents of the Treasury Department misinformed and misled the plaintiff with respect thereto."

The plaintiff now sues for the return of the sum of $1,606.97, the amount which the government exacted of the plaintiff.

It is unnecessary to set out the details of the several transactions plaintiff had with the Collector or agents of the Treasury Department.

■ 1. An examination of the statute discloses the precise steps necessary for a taxpayer (in the situation of the plaintiff) to take in order to secure the credit claimed. These steps are prescribed by the Congress and Regulations, and it is not within the power of an agent to waive such provisions, and, since the taxpayer is presumed to know the law and the provisions of the law, it could not accept the advice of an agent of the government or follow the course according to its own judgment contrary to the law and yet expect to obtain such credit.

■ 2. It is the rule that the doctrine of estoppel must be applied with great caution as against the government and its officers. Vestal v. Commissioner of Internal Revenue, 80 U.S.App.D.C. 264, 152 F.2d 132, loc. cit. 136. Subordinate officers of the United States are without power to dispose of the rights and property of the United States save only where it has been conferred upon them by Act of Congress or is to be implied from other powers granted to them. And collectors of internal revenue are subordinate officers charged with the ministerial duty of collecting taxes. Royal Indemnity Co. v. United States, 313 U.S. 289, loc. cit. 294, 61 S.Ct. 995, 997, 85 L.Ed. 1361. In the latter case it was specifically held, in referring to collectors of internal revenue, that: "There is no statute in terms authorizing them to remit taxes, to pass upon the claims for abatement of taxes or to release any obligation for their payment. Only the Commissioner, with the consent of the Secretary of the Treasury, is authorized to compromise a tax deficiency for a sum less than the amount lawfully due."

The only instance in which an officer of the government would be bound by his acts would be in cases where such acts or omissions of the officer had been authorized by law. Ritter v. United States, 3 Cir., 28 F.2d 265, loc. cit. 267.

In the case at bar no officer of the government was authorized to waive or nullify the law which prescribed precisely what a taxpayer should do in order to obtain the credit claimed in this instance. The agent named was not so authorized and the plaintiff followed his advice at its peril. However, the plaintiff was not justified in accepting the advice of an agent with respect to the meaning of a document which showed on its face that the agent was giving bad advice.

The equitable principles invoked by the plaintiff cannot be applied or employed in this case to give the relief sought. It follows that recovery should be denied, and it will be so o·d·red.