## WURTSBAUGH v. COMMISSIONER OF INTERNAL REVENUE.
### No. 13382.
United States Court of Appeals
Fifth Circuit.

March 28, 1951.

Russell, Circuit Judge, dissented.

Walter E. Barton, Washington, D. C., for petitioner.

George D. Webster, Ellis N. Slack, Turner L. Smith, and Edward J. P. Zimmerman, Special Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Bureau of Inter-

nal Revenue Washington, D. C., Rollin H. Transue, Special Atty., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

Appealing from a decision and order sustaining the commissioner's determination of deficiencies and their assessment against him as transferee of Lodwick Lumber Company, petitioner is here complaining of the findings of the Tax Court:[1] that Lodwick made a lease and sale of timber in 1941; that it thereby incurred a tax liability in that year for income and declared excess profit taxes; and that petitioner, as transferee, became and is liable therefor.

Insisting that the findings and conclusions[2] on which the decision rests, that Lodwick made the lease and sale in 1941, and thereby incurred tax liability, are without adequate support in fact and in law, petitioner puts forward for its reversal two additional grounds. One of these is estoppel by the decision and judgment in the earlier Tax Court case,[3] holding petitioner not liable as transferee of Lodwick for income and declared value excess profits tax for the calendar year 1940. The other is estoppel by the election of the commissioner to assess and collect a capital gains tax from petitioner on assets received by him in 1940 liquidation of Lodwick.

The commissioner, on his part, urging upon us that the findings and conclusion, that there was a sale by Lodwick in 1941, and tax liability incurred thereby, are supported in law and in fact and that the estoppels invoked by petitioner are not, insists that the decision and order must be affirmed.

We cannot agree.

■ We do agree with the commissioner, though, that the claim of estoppel by judgment is not well founded. It is quite clear that nothing was determined in and by the first decision except that no sale of the timber was made in 1940; that Lodwick incurred no tax liability in that year; and that, therefore, petitioner was not, indeed could not be, liable as transferee for income and excess profits taxes in that year incurred as a result of the claimed sale. The decision and holding of the Tax Court made this entirely clear.

In these circumstances, it may not be contended that the decision and judgment, simply that the tax sued for as due by Lodwick for 1940, and by petitioner as its transferee, was not so due, was a holding that no tax was due by Lodwick and petitioner as its transferee, for 1941.[4]

■ We agree with petitioner, however, that there is no basis in the record or in the fact findings of the Tax Court for its holding that Lodwick made a sale or was otherwise doing business in 1941, so as to incur in that year income and excess prof-

1. 13 T.C. 1059.

2. That "the former shareholders were merely agents of Lodwick, carrying into effect an agreement entered into by Lodwick prior to liquidation, rather than principals, executing the terms of a contract made on their behalf by the company."

That "the sale must be attributed to Lodwick under the principles stated in Commissioner of Internal Revenue v. Court Holding Co.", 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981;

That "the function performed by the shareholders in conveying the property to Kraft was to discharge Lodwick's contract obligation;

That in substance Lodwick made the lease of land and sale of timber;

That Lodwick realized gain in 1941 on the sale of timber and lease of lands for sixty years;

That Lodwick owed income taxes in the amount of $25,948.22 and declared value excess-profits taxes in the amount of $8,181.90 for 1941, or in any amount whatsoever;

That petitioner is liable as a transferee of the property of Lodwick for the payment of any income and declared value excess-profits taxes whatsoever of Lodwick for the year 1941.

3. Wurtsbaugh v. Commissioner of Internal Revenue, 8 T.C. 183.

4. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898.

its tax liability.[5] The Tax Court's holding, that it was, is inconsistent with the undisputed, indeed the admitted, facts of its liquidation in the prior year in accordance with its long held and avowed intention. It does violence to the understandings had and arrangements made when, intending to liquidate and go out of business in 1940, it, in that year, made an executory lease and sale contract of the Bossier 10,000 acre tract. It does violence, too, to the facts the Tax Court found: that, in accordance with that intention, Lodwick was liquidated and dissolved in 1940; and that the 10,000 acre tract having been transferred to the stockholders in 1940, they, in 1941, as owners of the property and not as agents of Lodwick, executed the papers and performed the acts which effected a sale of the property.

It will not at all do to hold, as the Tax Court did that the case falls within and is controlled by the decision in the Court Holding Co. case, 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981. The facts of this case, both as to what was done and the interest and purpose of that doing are entirely different. The atmosphere of the two cases is entirely different. The controlling decision on the facts here presented is our case of Howell Turpentine Co. v. Comm. of Internal Revenue, 5 Cir., 162 F.2d 319.[6]

Upon the other point made against the decision by the petitioner that the commissioner is estopped by his election to assess petitioner with a capital gains tax, there is much to be said for petitioner's views, and the authorities he cites, U. S. v. Brown, 6 Cir., 86 F.2d 798, and Vestal v. Comm. of Internal Revenue, 80 U.S. App.D.C. 264, 152 F.2d 132, are persuasive. We find it unnecessary, however, to, and we do not, decide this point. It is sufficient for us to say that the record failing to establish any tax liability for 1941, against Lodwick, it necessarily fails

to establish liability against petitioner as Lodwick's transferee.

The decision and order are reversed and the cause is remanded to the Tax Court with directions to disallow the deficiency.

RUSSELL, Circuit Judge, (dissenting).

I think that the findings and conclusions of the Tax Court in this case, reported in 13 T.C. 1059, are authorized by the evidence, and therefore I dissent from the judgment of reversal here entered.

5. Cf. Wier Long Leaf Lumber Co. v. Comm. of Internal Revenue, 5 Cir., 173 F.2d 549.

6. Other cases in point in principle are Novo Trading Co. v. Commissioner of Internal Revenue, 2 Cir., 113 F.2d 320; Chisholm v. Comm. of Internal Revenue, 2 Cir., 79 F.2d 14, 101 A.L.R. 200; Comm. of Internal Revenue v. Montgomery, 5 Cir., 144 F.2d 313.