**Ahmet Lebip DEMIRCI, Appellant,**

v.

**Herman R. LANDON, District Director of the United States Immigration and Naturalization Service in Los Angeles, Appellee.**

No. 14425.

United States Court of Appeals.
Ninth Circuit.

April 22, 1955.

Rehearing Denied June 15, 1955.

Harry C. Wolpin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Andrew J. Davis, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and WIIG, District Judge.

WIIG, District Judge.

The question on this appeal from an order denying a writ of habeas corpus is whether the doctrine of estoppel should be applied so as to postpone the deportation of Ahmet Lebip Demirci.

Demirci, a native and citizen of Turkey, was admitted to the United States on March 29, 1948, under the provisions of Section 4(e) of the Immigration Act

of 1924.[1] He was to remain in this country four years in order to complete a course in business administration at the University of Indiana. After completing three years of study he was requested by the University to become an instructor in the Turkish language. When informed that he could not engage in gainful employment while in the United States on a student's visa, he applied for a change of status from that of a nonquota immigrant to that of an exchange alien nonimmigrant, which was granted.[2] At the same time it was ordered that his temporary stay in the United States would terminate on March 29, 1953. Due to the discontinuation of the language course, his employment as an instructor ended March 6, 1953. Thereafter, he unsuccessfully sought to reacquire his original status as a student, and he was notified that his visitor's visa could not be extended. He was given until July 19, 1953, to depart the United States. Upon receipt of this latter notice, Demirci placed his problems in the hands of an attorney in Chicago, and thereafter went on his way without regard to the rules and regulations of the Immigration and Naturalization Service until October 30, 1953, when he was served with a warrant of arrest in deportation proceedings. Following a hearing and an appeal to the Board of Immigration Appeals, a warrant issued January 20, 1954, directing his deportation.

The record shows that Demirci failed to comply with the conditions of his nonimmigrant status and in spite of repeated warnings and admonitions, he violated the conditions of his temporary stay in the United States, as well as the alien registration provisions, by moving from one address to another without notifying the Immigration and Naturalization Service. While in the status of a student, he transferred from one school to another without first receiving permission of the Service as required by regulation, and failed to notify the Service after such change was made. In addition, he has ignored the order to depart the United States at the expiration of his temporary stay.

Demirci now urges that the order of deportation should be postponed so as to give him an opportunity to complete his four-year course in business administration. His claim is bottomed on his statement that he was requested by the university officials and representatives of the State Department to change his status upon the assurance that after he

1. Section 4(e) of the Immigration Act of 1924, 43 Stat. 153, provides, in part, as follows:

"Sec. 4. When used in this Act the term 'non-quota immigrant' means——— * * *

"(e) An immigrant who is a bona fide student at least 15 years of age and who seeks to enter the United States solely for the purpose of study at an accredited school, college, academy, seminary, or university, particularly designated by him and approved by the Attorney General, which shall have agreed to report to the Attorney General the termination of attendance of each immigrant student, * * *."

2. Section 3(2) of the Immigration Act of 1924, 43 Stat. 153, provides as follows:

"Sec. 3. When used in this Act the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except * * * (2) an alien

visiting the United States temporarily as a tourist or temporarily for business or pleasure, * * *."

Section 201 of the Act of January 27, 1948, Public Law 402, Eightieth Congress, second session, 62 Stat. 6, as amended by the Immigration and Nationality Act of 1952 (commonly referred to as the United States Information and Educational Act of 1948), provides in part as follows:

"The Secretary is authorized to provide for interchanges on a reciprocal basis between the United States and other countries of students, trainees, teachers, guest instructors, professors, * * *. The persons specified in this section shall be admitted as nonimmigrants under section 101(a)(15) of the Immigration and Nationality Act, for such time and under such conditions as may be prescribed by regulations promulgated by the Secretary of State and the Attorney General. * * *" 22 U.S.C.A. § 1446.

had completed his work as an instructor he would be permitted to resume his studies and complete his course. The record, however, does not substantiate this bald statement. On the contrary, it affirmatively appears that Demirci entered upon his duties as an instructor without prior approval of the Immigration and Naturalization Service and in violation of the conditions of his admission as a student. Also, it was made clear to him at the time his status was changed that his stay would be extended beyond the original four-year period, and would expire March 29, 1953. His request for and acceptance of a change of status under all the circumstances fails to create a situation where the doctrine of estoppel is even remotely applicable. The record reveals a disregard for the conditions of a temporary stay which would debar the appellant from equitable relief even if such relief were available.[3] In sum, Demirci is not a propitiator.

The administrative proceedings before the Immigration and Naturalization Service which gave rise to the order of deportation were reviewed by the trial court in the hearing on the petition for a writ of habeas corpus. The court found that Demirci had had a fair administrative hearing and that there was reasonable, substantial and probative evidence to support the order of deportation. Our examination of the evidence in this case leads us to the same conclusion. Schoeps v. Carmichael, 9 Cir., 1949, 177 F.2d 391, 395.

The order denying the petition for writ of habeas corpus is affirmed.

JAMES ALGER FEE, Circuit Judge.

I fully concur in the opinion of the Court. However, there is a caveat. In Bustos-Ovalle v. Landon, 9 Cir., 225 F.2d 878, the Court said: in certain instances "habeas corpus has been judicially denied and the Board of Immigration Appeals has thereafter granted a stay of deportation. This is improper and points up the necessity of some showing that the administrative remedies have been exhausted." The reference was to the subsequent proceedings after our determination in Schoeps v. Carmichael, supra. If the administrative is not in earnest in these deportations, but is to nullify the decisions of the Courts by clement erosion, the petitioners in such instances should be forthwith released from custody judicially by granting the Great Writ.

---

3. In his brief, appellant quotes from Vestal v. Commissioner of Internal Revenue, 1945, 80 U.S.App.D.C. 264, 152 F.2d 132, 136:

"The doctrine of election and estoppel must be applied with great caution to the Government and its officials. But in proper circumstances it does apply."