## UNITED STATES v. KINGMAN.
### No. 12470.

United States Court of Appeals
Fifth Circuit.
Nov. 4, 1948.

Melva M. Graney, George A. Stinson, Ellis N. Slack, A. F. Prescott and Irving I. Axelrad, Sp. Assts. to Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., and John P. Cowart, U. S. Atty., of Macon, Ga., for appellant.

Charles M. Cork, of Macon, Ga., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The case concerns excess profits taxes of Kingman Distributing Company, Inc., for the year 1943, of which an additional assessment was made in 1945, and paid by R. H. Kingman, Jr., as sole stockholder and distributee in liquidation, which he and his corporation sued in the district court to recover, and did recover in a sum of $1,320.60 with interest. The United States appeals.

The sole question is whether the "taxable year" was a full calendar year, the taxpayer being on the calendar year basis as to returns, or a "short taxable year", which both the statutes and the Regulations say is "a taxable period of less than twelve months." If the former, the recovery was right; if the latter, the assessment was right. The important facts are these: The taxpayer, of small capital owned by appellee except for one share issued to his son to qualify him as president, paid excess profits taxes in respect of the calendar year 1942 on which it was entitled to receive post war maturing bonds in the sum of $2,667.90, and would probably be entitled to more bonds for the year 1943. It also claimed a refund of $26,778, as afterwards figured out, under Section 722 of the Internal Revenue Code, 26 U.S.C.A. § 722. At the stockholders meeting in January, 1943 the burden of taxation was discussed and the advisability of liquidation. Counsel was requested to look into it, and on April 3, 1943, pursuant to his advice the stockholders in meeting passed this resolution: "Resolved that the corporation immediately go into complete liquidation and that it distribute immediately to its sole stockholder, R. H. Kingman, Jr., all its assets as shown by its balance sheet of this date * * * all subject however to the liabilities of the corporation, including taxes for the year 1942 and the current year. * * That upon payment of the taxes of the corporation for the years 1942 and 1943, a meeting of the stockholders be called to consider the dissolution of the corporation. * * * That the officers of the corporation be prohibited from and after this date from transacting any business in the name of the corporation without further action of the stockholders. * * * That the officers of the corporation be authorized from and after this date to do only those things which are necessary to complete the liquidation of the corporation, including the prosecution of claims for refund of income and excess profits taxes for all years." The refund claims, and the post war bonds were not transferred in liquidation, counsel considering the former of doubtful transferability, and that the bonds under the then existing law were expressly non-transferable, though by later legislation they were made transferable to a successor. The resolution was at once carried into effect. The Section 722 claim for refund was figured out and filed, but the information required by the Revenue Agent proved so difficult and expensive to collect that the claim was abandoned in a subsequent year. Some other refunds were in a subsequent year collected, including some $98 of interest which was taxable income. The corporation has not yet been dissolved. It made its income and excess profits returns for 1943 on a full year basis. The difference in tax between a full year and a short year basis comes about in the application of certain credits which are cut down proportionally in a short year return but not in a full year. It is unnecessary to go into the details.

Full and short taxable years existed first in the income tax laws found in Chapter 1 of the Internal Revenue Code, 26 U.S.C.A. § 1 et seq. The excess profits tax statute came later and became in 1940 Subchapter

E of Chapter 2, Sections 710 and following, 26 U.S.C.A. § 710 et seq. Section 711(a) (3) here in question is headed, "Taxable year less than twelve months", which it calls a "short taxable year," but contains no definition or rule to determine when the taxable year is to be considered less than twelve months and so a short taxable year. But Section 728 provides: "The terms used in this subchapter shall have the same meaning as when used in Chapter 1." Sections 47 and 48 of Chapter 1 refer to the taxable year and the latter defines it thus: " 'Taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. 'Taxable year' means, in the case of a return made for a fractional part of a year under the provisions of this chapter or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made." Section 47 deals with returns for a fractional year and in 47(b) it is provided that in case separate return for a short period is made under 47(a) because of a change in accounting period and "in *all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner* with the approval of the Secretary, to be made *for a fractional part of a year,* then the income shall be computed on the basis of the period for which the separate return is made." * It is clear that full authority is given the Commissioner by regulation to fix and control the matter of taxable periods less than a year, and that the regulation thereof will usually have the same effect in both income tax and excess profits tax returns. The Commissioner's regulations in 1943 were identical as to what should be a short taxable year for both kinds of taxes. As to income taxes we find Reg. 111, Sec. 29.52-1, "Every corporation not expressly exempt from tax must make a return of income regardless of the amount of its net income. * * * A corporation *having an existence* during any portion of a taxable year is required to make a return. If a corporation was not *in existence* throughout an annual accounting period the corporation is required to make a return for that fractional part of a year during which it was in existence. A corporation is *not in existence* after it *ceases business and dissolves, retaining no assets.* * * * If the corporation has valuable claims for which it will bring suit during this period (i. e. after actual dissolution) it has retained assets and it *continues in existence.*" It is too plain for discussion that a corporation's taxable year covers twelve months if it remains in existence, and that it does not under this regulation go out of existence unless it ceases business, dissolves and retains no valuable claims on which it may sue after dissolution. As to excess profits taxes, Reg. 112, Sec. 35.711-(a)4, applying Section 711(a) (3) of Subchapter E to tax periods less than twelve months, says: "A short taxable year is any taxable period of less than twelve months. If the period from the date of incorporation of a corporation to the end of its first accounting period, or the period from the beginning of its last accounting period to the date it *ceases operations and is dissolved, retaining no assets,* is a period of less than twelve months, *such a period is* a short taxable year." This is a definition of the "short taxable year" mentioned in Section 711(a)(3) and it agrees precisely with the regulation on the same subject as to income tax periods. Under both quoted regulations covering both kinds of taxes the taxable year of this corporation was not a short taxable year but one of twelve months, for the corporation continued in existence and did not dissolve, and retained valuable claims to United States bonds and tax refunds. Its returns were correctly made on a twelve months basis. The argument of appellant that as the income ceased after three months of the year the credits ought to be proportionately cut down is a reasonable one, and might prevail if we were making the law. Congress and the Commissioner made the law and they have so made it that "annualization", under Section 711(a) (3) which applies only to short taxable years, does not, under their definition of a short taxable year, apply here.

Judgment affirmed.

---

* All italics are added.