MARVIN BERRY AND ELIZABETH JANE BERRY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANDREW J. BERRY AND JEANNE M. BERRY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37951, 37952. Filed May 28, 1956.

*A. P. G. Steffes, Esq.*, for the petitioners.
*John J. Burke, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The respondent determined that the petitioners, husband and wife in each case, were liable as transferees of assets of Edison Vegetable Growers, Inc., for a ·deficiency in income tax for the short taxable year March 1, 1949, to October 31, 1949, in the amount of $12,726.19, plus an addition to tax under section 291 (a) of the Internal Revenue Code of 1939, in the amount of $1,272.62, for failure of the transferor corporation to file a timely income tax return for the short taxable year. Substantially all of the facts were stipulated and the stipulation is incorporated herein as our findings of fact.

Edison Vegetable Growers, Inc., was a California corporation and was engaged in the business of farming and produce. It had 1,000 shares outstanding, of which petitioners Marvin and Elizabeth Jane Berry owned 460 shares and petitioners Andrew J. and Jeanne M. Berry owned 495 shares.

The parties have stipulated that "The corporation disposed of all its assets on October 31, 1949, and ceased to do business on that date." Petitioners do not now appear to contest the correctness of the deficiency (apart from the 10 per cent addition under section 291) determined against the corporation or their liability as transferees, and we are satisfied, upon the basis of the stipulated facts, that their liability as transferees has been established.

The corporation's taxable year commenced regularly on March 1, and it filed its final income tax return for the fiscal period March 1, 1949, to October 31, 1949, on February 20, 1950. If the corporation is to be treated as having wound up its affairs on October 31, 1949, then the final return was filed for the correct period, namely March 1, 1949, to October 31, 1949, and the addition to tax under section 291 is correct unless the failure to file it on time was due to reasonable cause and not due to willful neglect.[1]

---

[1] Section 47 (g), I. R. C. 1939, provides that where a taxpayer is not in existence during the whole of an annual accounting period, "the return shall be made for the fractional part of the year during which the taxpayer was in existence." Moreover, section 48 (a) defines "taxable year" to include a fractional part of a year where a return is filed for such period.

Accordingly, under section 53 (a), if the return here in controversy was correctly filed for the period March 1, 1949, to October 31, 1949, it should have been filed on or before January 15, 1950 (see also Rev. Rul. 215, 1953–2 C. B. 149), and the failure to file it on time made applicable section 291 (a) which provides for an addition to tax, unless it is shown that such failure was due to reasonable cause and not due to willful neglect.

The stipulation does show that there was a meeting of the board of directors on November 17, 1949, described as its "last" meeting, and at the hearing petitioners' counsel introduced in evidence the minutes of that meeting as well as a canceled check dated November 17, 1949, signed by Andrew J. Berry, in the amount of $56,049.57 payable to the corporation. The nature of the check was unexplained. We cannot conclude, on the basis of that check or of those minutes, that we must put to one side the unambiguous stipulation of the parties that the corporation disposed of all its assets on October 31, 1949, and ceased to do business on that date. Notwithstanding the recitals in the minutes, the meeting of November 17, 1949, may well have been a purely formal one that merely gave effect to matters that had already been completed, and we have no way of knowing whether the check represented any transaction of substance affecting the corporation. The check seems to be surrounded by an aura of mystery, and in the circumstances, we accept the stipulation on its face as correctly setting forth what the Court understood it to mean when it was received, namely, that on October 31, 1949, the corporation ceased to do business and had disposed of all its assets. Accordingly, we hold that the return was filed for the correct period, and we conclude that petitioners have not carried the burden of proof to show that the failure to file the return on time was due to reasonable cause and was not due to willful neglect.

In view of the conclusion that we reach as to the correctness of the period covered by the return, it becomes unnecessary to consider the contention, made in the brief by petitioners' counsel for the first time, that the Court has no jurisdiction to approve a deficiency for a period of less than a year where the corporation actually continued in business after the end of such period. Cf. *Mrs. Grant Smith*, 26 B. T. A. 1178; *Elgin Compress Co.*, 31 B. T. A. 273; *Pittsburgh & West Virginia Railway Co.*, 32 B. T. A. 66; *Columbia River Orchards, Inc.*, 15 T. C. 253. In each of the foregoing cases the transferor corporation had not completed liquidation at the end of the fractional part of the year for which the deficiency was determined, and accordingly it was held that the deficiency was determined for an improper taxable period.

In the instant case, if we accept the stipulation as we do, the corporation had ceased all operations and disposed of all its assets on October 31, 1949, and was thus dissolved de facto, even though it may not yet have been formally dissolved.[2] In these circumstances, the corpora-

---

[2] See *A. B. C. Corporation* v. *Commissioner*, 224 F. 2d 483 (C. A. 9), where the Court of Appeals said (p. 488):

Federal tax decisions and regulations treat the problem of corporate existence pragmatically rather than legalistically. They recognize the fact that

"* * * if it appears that the corporation is a corporation in name and semblance only, without corporate substance and serving no real corporate

tion, pursuant to section 47 (g) and the applicable regulations,[3] properly filed a return, although untimely, for the fractional part of the year beginning on March 1, 1949, and ending October 31, 1949, and the Commissioner had authority to determine a deficiency in tax for the period for which the return was filed.[4]

*Decisions will be entered for the respondent.*

---

purpose, it must, *though not formally dissolved, be treated as dissolved de facto.*" (Emphasis added.)    Wier Long Leaf Lumber Co. v. C. I. R., 5 Cir., 1949, 173 F. 2d 549, 551.
And see, United States v. Kingman, 5 Cir., 1948, 170 F. 2d 408; Wurtzbaugh v. C. I. R., 5 Cir., 1951, 187 F. 2d 975, 976–977.

[3] Section 29.52–1 of Regulations 111 (as amended by T. D. 5458, approved June 15, 1945) provides in part as follows:

CORPORATION RETURNS. * * * A corporation having an existence during any portion of a taxable year is required to make a return. If a corporation was not in existence throughout an annual accounting period (either calendar year or fiscal year), the corporation is required to make a return for that fractional part of a year during which it was in existence. A corporation is not in existence after it ceases business and dissolves, retaining no assets, whether or not under State law it may thereafter be treated as continuing as a corporation for certain limited purposes connected with winding up its affairs, such as for the purpose of suing and being sued. If the corporation has valuable claims for which it will bring suit during this period, it has retained assets, and it continues in existence. A corporation does not go out of existence if it is merely turned over to receivers or trustees who continue to operate it. * * *

[4] Of course, if, notwithstanding the corporation's de facto liquidation on October 31, 1949, it had filed a return for its full fiscal year, a notice of deficiency geared to such return would have been proper.    *California Brewing Assn.,* 43 B. T. A. 721, appeal dismissed 129 F. 2d 321 (C. A. 9).    But the opinion in the *California Brewing Assn.* case plainly indicated that the corporation might have a right to file a return for the shorter period had it chosen to act upon the fact that it was liquidated prior to the end of its full year.    See 43 B. T. A., at p. 723.