BERT H. KING AND CAROLYN B. KING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 6706-90
United States Tax Court
T.C. Memo 1993-160; 1993 Tax Ct. Memo LEXIS 161; 65 T.C.M. (CCH) 2379; April 14, 1993, Filed *161 For petitioner: Robert B. Dugan. For respondent: Louise R. Forbes. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was considered pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for tax year 1986 in the amount of $ 7,253.78, as well as additions to tax under section 6653(a)(1)(A) and (B) in the amounts of $ 362.69 and 50 percent of the interest due on the portion of the deficiency attributable to negligence, and an addition to tax under section 6661 in the amount of $ 1,813.44. The sole issue for decision is whether the alternative minimum tax is automatically applicable in the computation of petitioners' income tax deficiency, or whether it is a new issue which was not raised in the notice of deficiency. Petitioners resided in Cambridge, Massachusetts, when they filed their petition. The case was calendared for trial during the Court's September 21, 1992, Boston, Massachusetts, trial session at a time *162 and date certain on September 23, 1992. When the case was called, counsel for the parties appeared and were heard. All the issues in this case were settled prior to trial. Petitioners conceded all the issues in the notice of deficiency, except the application of the addition to tax under section 6661(a), which was conceded by respondent. The parties agreed that petitioners were entitled to exclude $ 17,840 from income as damages received for personal injuries under section 104, specifically as a tort-type recovery under section 1.104-1(c), Income Tax Regs.
In preparing the computation of the deficiency, the parties were unable to agree on the application of the alternative minimum tax. Petitioners object to respondent's computation of their tax liability insofar as it includes alternative minimum tax. Petitioners contend that they received no notice in the notice of deficiency of the application of alternative minimum tax. Specifically, petitioners contend that computation of alternative minimum tax does not fall within the items which give rise to a mathematical or clerical error, as defined in section 6213(g)(2). See section 6213(b). We requested that the parties report *163 to the Court, on or before October 23, 1992, as to whether a computation of the deficiency could be agreed upon. On October 23, 1992, the Court held a telephone conference call with the parties in which counsel reaffirmed their basis of settlement, but still could not agree on the calculation of the deficiency. We ordered that the parties file a stipulation of settled issues, their proposed decision documents showing the computation of the deficiency in income tax, and a memorandum stating their legal contentions with respect to the applicability of alternative minimum tax to this situation. Section 6213, in general, outlines the restrictions on respondent's ability to assess a tax deficiency. As an exception to the restrictions, if the taxpayer's return contains a mathematical or clerical error and as a result an additional amount is due, respondent may notify the taxpayer and assess the deficiency without issuing a notice of deficiency. The taxpayer has no right to petition the Tax Court, but may request an abatement. Sec. 6213(b)(1) and (2). The term "mathematical or clerical error" is defined to include an error in addition, subtraction, multiplication, or division; incorrect *164 use of any table, which is apparent from the return; inconsistent entries on the return; omission of information required to substantiate an entry; and an entry on a return of a deduction or credit whose amount exceeds a statutory limit. Sec. 6213(g)(2). (Section 6213(h) provides for additional mathematical computations not relevant to this case.) In the case of a mathematical or clerical error, respondent may assess the tax due, make notice and demand, and commence collection procedures, if necessary, without issuing a notice of deficiency. The process of correction of mathematical or clerical errors occurs before the issuance of a notice of deficiency and has no application to this case. In this case, petitioners were issued a notice of deficiency, filed a petition with this Court, and settled their dispute prior to trial. Petitioners object that they did not receive a notice of deficiency determining the applicability of alternative minimum tax. We do not see the relevance of this objection, as the dispute arose in the course of preparing the decision document. Petitioners filed a 1986 Federal income tax return which correctly showed an alternative minimum tax liability. *165 No alternative minimum tax was determined in the notice of deficiency because, under respondent's determination in preparing the notice, petitioner's income was increased so that petitioners had no alternative minimum tax liability. (Under section 55(a), a taxpayer pays the greater of the regular tax or the alternative minimum tax.) The notice of deficiency did state, however, that "The computer, in its calculations of your tax, has considered the following tax methods, add-on taxes and credit computations, [including] alternative minimum tax". We find that grounds for relief are lacking in this case. While alternative minimum tax does not involve a "mathematical or clerical error" within the meaning of section 6213(g)(2), the correct amount of the deficiency attributable to alternative minimum tax should follow automatically from the arithmetic computation under Rule 155. Estate of Bowers v. Commissioner, 94 T.C. 582, 595 (1990). The situation here is analogous to a situation in which there is a disagreement as to the computation of the deficiency under Rule 155. All of the sections of the Code must be applied in computing the deficiencies under *166 a settlement agreement; unilateral miscalculation of the amount that would be owing under the agreement does not invalidate it. Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988). Petitioners cite as their main authority Commissioner v. Meldrum & Fewsmith, Inc., 230 F.2d 283 (6th Cir. 1956), affg. 20 T.C. 790 (1953), a case which has no bearing on the law in the case before us. We uphold respondent's determination of the applicability of alternative minimum tax in the calculation of petitioners' tax liability. An appropriate decision will be entered.